Ronnie Lee HAYES, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–86–01322–CR.

Court of Appeals of Texas, Dallas.

Nov. 12, 1987.

Russ Henrichs, Dallas, for appellant.

Kathi Alyce Drew, Dallas, for appellee.

Before WHITHAM, THOMAS and McCRAW, JJ.

THOMAS, Justice.

The jury found appellant guilty of murder and sentenced him to life imprisonment in the Texas Department of Corrections. In two points of error, appellant contends that the trial court erred in permitting certain hearsay statements of the deceased. For the reasons given below, we affirm the trial court's judgment.

While the appellant does not challenge the sufficiency of the evidence to support his conviction, we will provide a brief description of the facts in order to explain the legal issues which are raised. Dallas police officers, Hake and Connor, were on patrol around midnight in south Dallas when they were stopped by a woman who stated that a man had just been shot. They radioed for an ambulance and assistance when they observed Wayne Brown, the deceased, with a shotgun wound on the right side of his abdomen. Brown was transported to Parkland Hospital where he died approximately ten hours later. The forensic pathologist testified that Brown died as a result of a single shotgun wound to the right side of his chest. A written confession was introduced wherein appellant admitted that he shot Brown because he was angry over a cocaine transaction and a separate incident involving Lonnie Hayes, appellant's brother. Appellant admitted to the jury that he had killed Brown. According to appellant, he fired in self-defense when Brown made a motion to reach into his back pocket. Appellant testified that Brown usually carried a .357 magnum. The other defense witnesses verified that Brown ordinarily carried a weapon. On rebuttal, the State presented Tasha Eaton, an eye-witness. Eaton testified that she observed appellant holding a gun on Brown, and at the time, Brown's hands were in the air. According to this witness, she heard Brown ask appellant not to shoot him. Eaton further stated that after the shooting, she saw appellant bend over Brown's body before running down an alley.

Both points of error concern the same legal principle: whether certain hearsay statements by Brown should have been admitted before the jury. In point of error number one, appellant complains that the trial court improperly allowed Officer Connor to testify that Brown told him that he had been shot by the appellant. Following a hearing outside the presence of the jury, the trial court allowed the following testimony:

Q. And would you tell the members of the jury what your—what the extent of your conversation was with Wayne Brown?

A. I asked Mr. Brown who it was that shot him and he told me it was Ronnie Hayes and then I began to ask him if he knew where Mr. Hayes lived, how old he was and I asked him, Mr. Brown, why he shot him and at that time, he told me that in his own words that he had heard that Mr. (the balance of the statement was not permitted following an objection).

In the second point of error, appellant complains that the trial court erred in permitting Officer Connor to testify to the following:

Q. And what else did he tell you other than the fact that Ronnie Hayes had reached in his pocket and taken his wallet out of his pants—what else did he tell you other than that?

A. Well, he did tell me that, that the suspect had [sic] told him that he owed Ronnie Hayes thirty dollars and after he was shot, that Ronnie Hayes had taken his billfold out of his rear pocket and

when he did that, he jerked it and ripped the rear pocket off of his pants.

According to appellant, this latter testimony negated his account of the killing that he killed Brown because he was angry and in fear that Brown was armed.

Appellant contends that the predicate was insufficient to comply with the prerequisites of the dying declaration exception to the hearsay rule. Additionally, appellant argues that the statements were not spontaneous utterances of the deceased but rather were responses to questions by the police officers. For those reasons, appellant asserts that the admission of these statements constituted reversible error. We disagree.

Appellant is correct in his contention that former article 38.20 of the Texas Code of Criminal Procedure provided:

(1) That at the time of making such declaration he was conscious of approaching death, and believed that there was no hope of recovery;

(2) That such declaration was voluntarily made, and not through the persuasion of any person;

(3) That such declaration was not made in answer to interrogatories calculated to lead the deceased to make any particular statement;

(4) That he was of sane mind at the time of making the declaration.

However, the trial of this case occurred after the repeal of article 38.20 and thus would be governed by Texas Rules of Criminal Evidence 804(b)(2) which provides:

(b) Hearsay exceptions. The following are not excluded if the declarant is unavailable as a witness:

(2) *Dying Declarations.* A statement made by declarant while believing that his death was imminent, concerning the cause or circumstances of what he believed to be his impending death.

The testimony of Officer Hake established that Brown was in a great deal of pain when they arrived approximately one minute after the shooting took place. According to Hake, Brown stated several times that he thought he was going to die and was afraid of dying. In overruling appellant's objections, the trial court found: that the conversations took place within five minutes of the deceased having been shot; the deceased was obviously in pain and under stress at the time the statements were made; the deceased was in fear of imminent death; and the statements were admissible due to the extraordinary circumstances under which they were made.

The apprehension of death does not have to be proved by the express language of the declarant, but may be inferred from the circumstances surrounding the statement. *Thomas v. State,* 699 S.W.2d 845, 853 (Tex. Crim.App.1985). In *Franks v. State,* 625 S.W.2d 820, 822 (Tex.App.—Fort Worth 1981, pet. ref'd.), there was no direct testimony that the deceased thought he was dying; however, this element was sufficiently established by the testimony as to the severity of the wound which ultimately proved fatal.

Appellant also complains that the statements were not spontaneous utterances. We note, initially, that there is no such predicate required under TEX.R.CRIM. EVID. 804(b)(2). Assuming, without deciding, that the declaration cannot be made in answer to interrogatories calculated to lead the deceased to make any particular statement, these statements would still be admissible. The fact that a statement is the result of a question asked does not invalidate the response. *Herrera v. State,* 682 S.W.2d 313, 319 (Tex.Crim.App.1984), *cert. denied,* 471 U.S. 1131, 105 S.Ct. 2665, 86 L.Ed.2d 282 (1985). The record does not support appellant's implication that questions were designed to elicit a certain response.

For all of these reasons, we overrule the two points of error urged by the appellant and affirm the judgement of the trial court.