Arturo CONTRERAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 04-87-00087-CR.

Court of Appeals of Texas,
San Antonio.

Dec. 31, 1987.

Rehearing Denied Feb. 8, 1988.

Cindy L. Salsbury, Laredo, for appellant.

Anna L. Cavazos, and Enrique Pellegrin, Asst. Dist. Attys., Laredo, for appellee.

Before ESQUIVEL, BUTTS and CHAPA, JJ.

CHAPA, Justice.

Appellant, Arturo Contreras, and two co-defendants were indicted for murder. A jury convicted appellant of voluntary manslaughter and assessed punishment at ten years imprisonment but recommended probation, and they assessed a $10,000.00 fine. We affirm the conviction.

The issues before us are:

1) whether the evidence is sufficient to support the conviction;

2) whether the trial court erred in admitting into evidence the deceased's dying declaration;

3) whether appellant was entitled to his requested jury instruction on dying declarations.

In his first point of error, appellant attacks the sufficiency of the evidence to support his conviction. Appellant specifically contends that the evidence is insufficient to establish that he intentionally or knowingly caused the death of the complainant or that he was a party to the murder.

The test in determining the sufficiency of the evidence to support a conviction is the same in both direct and circumstantial evidence cases. *Dickey v. State*, 693 S.W.2d 386, 387 (Tex.Crim.App.1984). The stan-

dard of review requires that we look at the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Dickey v. State,* 693 S.W.2d at 387.

The evidence viewed most favorable to the prosecution established the following:

1) Javier Flores invited several of his friends, including the deceased, Gabino H. Fernandez, to a party at his apartment;

2) co-defendant Octavio Carranco arrived at the party and began arguing with the deceased;

3) the deceased struck Carranco;

4) Carranco insinuated that he would return with the Contreras and shoot the deceased;

5) Carranco returned with appellant and Leonel Contreras, brother of appellant and a co-defendant;

6) a fight began between the deceased and the Contreras brothers;

7) Carranco, Leonel Contreras, and appellant ran from the fight toward the street corner in the vicinity of where the deceased was later shot;

8) the deceased chased after them;

9) the deceased's wife, who followed the deceased in a car, persuaded him to get in the car and leave the area;

10) before they drove away appellant who was in the vicinity was heard to say "shoot at the car";

11) Carranco immediately fired a shot which hit the car;

12) the deceased got out of the car and walked back toward the corner as his wife drove away;

13) immediately additional shots were heard;

14) responding to the disturbance, Officer Jorge Almazon arrived at the scene and found the deceased near death from a gunshot wound;

15) when Officer Almazon asked the deceased who had shot him, the deceased replied that it was the Contreras.

 Since the jury was charged on the law of parties, the issue is whether sufficient evidence was adduced from which the jury could have found appellant guilty beyond a reasonable doubt as a party to the offense of murder. *Curtis v. State,* 573 S.W.2d 219, 222 (Tex.Crim.App.1978). The evidence must have shown that appellant acting with intent to assist or promote the murder, committed an act that solicited, encouraged, aided or attempted to aid in the commission of the murder.* *Morrison v. State,* 608 S.W.2d 233, 234 (Tex.Crim. App.1980); TEX.PENAL CODE ANN. § 7.02(a)(2) (Vernon 1974). Mere presence of the accused at the murder scene, alone, is insufficient to constitute him as a party to the crime. However, combined with other incriminating evidence, such might be sufficient for a conviction. *Thompson v. State,* 697 S.W.2d 413, 417 (Tex.Crim.App. 1985). Furthermore, reconciliation of conflicts in the evidence is within the province of the jury, and such conflicts will not call for reversal if there is enough credible testimony to support the conviction. TEX. CODE CRIM.PROC.ANN. art. 36.13 (Vernon 1981) and 38.04 (Vernon 1979); *Bowden v. State,* 628 S.W.2d 782, 784 (Tex. Crim.App.1982).

 Viewing the evidence in the light most favorable to the prosecution, we find that appellant was convicted as a party to the offense by virtue of the facts that Carranco promised to return with the Contreras and shoot the deceased, that appellant did in fact return with Carranco as promised, taunted the deceased and fought with him, encouraged Carranco to shoot at the deceased's car immediately prior to the murder, and the deceased identified appellant as one of his assailants. Applying the foregoing rules, we conclude that the jury was free to believe that appellant's actions

---

* The jury charge omitted "directed" submitting only "solicits or encourages, aids, or attempts to aid" in its application of the law to the facts.

aided and encouraged the murder of the deceased and therefore involved appellant as a party to the offense. Point of error number one is overruled.

In his second point of error, appellant complains that the statement made by the deceased was erroneously admitted into evidence as a dying declaration.

■ Initially, appellant contends that the State failed to lay the proper predicate for the admission of the dying declaration in that the State failed to establish that the deceased was of sane mind when he made the statement and that the statement was made voluntarily. Appellant asserts his contentions under the requirements of TEX.CODE CRIM.PROC.ANN. art. 38.20. However, with the adoption of the Texas Rules of Criminal Evidence, which govern the disposition of this case, art. 38.20 is no longer applicable. TEX.R.CRIM.EVID. 804(b)(2) provides:

> (b) Hearsay exceptions. The following are not excluded if the declarant is unavailable as a witness:
>
> \* \* \* \* \* \*
>
> (2) Dying declarations. A statement made by a declarant while believing that his death was imminent, concerning the cause or circumstances of what he believed to be his impending death.

Appellant then contends that the trial court erred in allowing the dying declaration to be admitted into evidence because the evidence established that the deceased did not possess sufficient mental capacity at the time he made the statement due to an extensive loss of blood. TEX.R.CRIM. EVID. 601(a) provides:

> (a) Every person is competent to be a witness except as otherwise provided in these rules. The following witnesses shall be incompetent to testify in any proceeding subject to these rules:
>
> (1) Insane persons. Insane persons who, in the opinion of the court, are in an insane condition of mind at the time when they are offered as a witness, or who, in the opinion of the court, were in that condition when the events happened of which they are called to testify.

> (2) Children. Children or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated.

■ The burden of raising and proving the incompetency of a witness is on the party alleging it. *Beavers v. State,* 634 S.W.2d 893, 895 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd). The issue of a witness' competency is a question for the trial court, and its ruling will not be disturbed unless an abuse of discretion is shown. *Villarreal v. State,* 576 S.W.2d 51, 57 (Tex.Crim.App.1978). Officer Almazon, who was present when the dying declaration was made, testified the deceased was fully conscious and coherent at the time he made the statement. The trial judge was justified in permitting the statement. We find no abuse of discretion, and the contention is rejected.

Appellant finally contends that the statement should not have been admitted into evidence since the deceased did not have personal knowledge of the identity of his assailant.

■ Generally, in order for a statement to be admissible as a dying declaration exception to the hearsay rule, the statement must pertain to facts which the declarant had personal knowledge of, and could have testified to, as a witness at trial, had he lived. *Henderson v. State,* 149 Tex.Crim. 160, 192 S.W.2d 273, 276 (1946); *Lee v. State,* 148 Tex.Crim. 220, 185 S.W.2d 978, 981 (1945); TEX.R.CRIM.EVID. 602. Appellant argues that the deceased's statement that he did not see who had shot him because he had been shot in the back demonstrate his lack of personal knowledge as to the identity of his assailant. We cannot agree. Although the deceased stated that he was shot in the back and could not see who had shot him, he also initially stated that it was the Contreras who had shot him. Inconsistencies alone do not render the person incompetent. *Beavers v. State,* 634 S.W.2d at 897. The inconsistency of the statements go only to the weight of the dying declaration not its admissibility. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex. Crim.App.1986); *Clawson v. State,* 440

S.W.2d 638, 639 (Tex.Crim.App.1969); TEX. CODE CRIM.PROC.ANN. art. 38.04 (Vernon 1979). The second point of error is overruled.

In his last point of error, appellant contends that the trial court committed reversible error in denying his request for a jury instruction on dying declarations. The record reflects the following requested instruction:

> You are further instructed, ladies and gentlemen of the jury, that with respect to the alleged dying declaration herein involved, such dying declaration would not have any validity if the declarant did not have personal knowledge of the events or facts related by him in such dying declaration. That is to say, if the defendant [sic] was shot from behind as he says he was, and consequently did not see who shot him, he would not be competent to testify to that effect and his dying declaration would be meaningless and should not be considered by you as evidence against either of this [sic] defendants.

The trial court properly excluded the instruction. The issue of incompetency is a matter of law for the trial court to decide, and it is not error to deny a requested charge to have the jury decide the competency of a witness. *Thompson v. State*, 691 S.W.2d 627, 634 (Tex.Crim.App.1984). It is also obvious that to have given the instruction as requested, would have undoubtedly confused the jury. No abuse of discretion has been shown.

Further, even if the trial court erred in admitting the dying declaration or in denying appellant's requested instruction, the error was harmless beyond a reasonable doubt since the remaining evidence was sufficient to support the conviction of appellant as a party to the offense. *Herrera v. State*, 682 S.W.2d 313, 320 (Tex. Crim.App.1984) (en banc). The complaint is overruled.

The judgment is affirmed.

