IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00387-CR

 

Rodolfo
Medrano Nunez,

                                                                                                         Appellant

 v.

 

The
State of Texas,

                                                                                                         Appellee

 

 

 



From the 400th District Court

Fort Bend County, Texas 

Trial Court No. 39456A

 



O p
i n i o n



 

      Appellant Rodolfo Medrano Nunez was charged
by indictment with Conspiracy to Commit Aggravated Robbery.  The alleged
co-conspirator is Juan Bautista.  A jury returned a guilty verdict, and Nunez was
sentenced to fifteen years in prison.  He brings four issues on appeal.  We
will affirm the judgment of the trial court.

Sufficiency of the Evidence

      In his second issue, Nunez alleges that the
evidence was legally and factually insufficient to support the conviction.




Standard of Review

Sufficiency of the evidence is
measured against "the hypothetically correct jury charge for the
case."  Gollihar v. State, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001);
Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  This is
true whether or not there is alleged jury charge error.[1]
 Gollihar, 46 S.W.3d at 255.  A hypothetically correct jury charge has
its basis in the allegations of the indictment.  Id.

When reviewing a challenge to the
legal sufficiency of the evidence, we must determine whether, after viewing all
the evidence in the light most favorable to the verdict, any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.  See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781,
2789, 61 L.Ed.2d 560 (1979).  We do not resolve any conflict of fact or assign
credibility to the witnesses, as this was the function of the trier of fact.  See
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); Adelman v.
State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); Matson v. State,
819 S.W.2d 839, 843 (Tex. Crim. App. 1991).  Inconsistencies in the evidence
are resolved in favor of the verdict.  Curry v. State, 30 S.W.3d 394,
406 (Tex. Crim. App. 2000); Matson, 819 S.W.2d at 843.

The
Court of Criminal Appeals articulated the standard of review for a factual
sufficiency claim in Watson v. State, 204 S.W.3d. 404 (Tex. Crim. App. 2006).  We, as the reviewing court, ask whether a neutral review of all the
evidence, though legally sufficient, demonstrates either that the proof of
guilt is so weak or that conflicting evidence is so strong as to render the
jury's verdict clearly wrong and manifestly unjust.  Watson, 204 S.W.3d at 414-15;
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  AThe court
reviews the evidence weighed by the jury that tends to prove the existence of
the elemental fact in dispute and compares it with the evidence that tends to
disprove that fact.@  Johnson, 23 S.W.3d at 7
(quoting Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996)). 
The appellate court Adoes not indulge in inferences or
confine its view to evidence favoring one side of the case.  Rather, it looks
at all the evidence on both sides and then makes a predominantly intuitive
judgment. . . .A Id. (quoting William Powers and
Jack Ratliff, Another Look at ANo Evidence@ and AInsufficient
Evidence,@  69 Texas L. Rev. 515, 519 (1991)).

The nature of a factual sufficiency review authorizes an appellate
court, although to a very limited degree, to act as the so-called “thirteenth
juror” to review the fact finder=s weighing of
the evidence and disagree with the fact finder=s
determination.  Watson, 204 S.W.3d at 417 (citing Tibbs v. Florida,
457 U.S. 31, 42-3, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652 (1982), and Meraz v.
State, 785 S.W.2d 146, 156 (Tex. Crim. App. 1990)).  If an appellate court
concludes that the evidence is factually insufficient, however, it must clearly
state why it has reached that conclusion.  Johnson, 23 S.W.3d at 7
(citing Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986)).

Legal Sufficiency Analysis

Nunez was charged by indictment with
conspiracy to commit aggravated robbery.  Tex.
Pen. Code Ann. §§ 15.02; 29.03(a) (Vernon 2003).  A person commits
criminal conspiracy if, with the intent that a felony be committed:  (1) he agrees
with one or more persons that they or one or more of them engage in conduct
that would constitute the offense; and (2) he or one or more of them performs
an overt act in pursuance of the agreement.  Id. § 15.02(a).  As relates
to this case, a person commits aggravated robbery if he uses or exhibits a
deadly weapon in the course of committing robbery.  Id. § 29.03(a)(2).
 An agreement to enter into a conspiracy may be inferred from the acts of the
parties.  Id. § 15.02(b).  The overt act alleged in the indictment is
that Nunez “hid in some bushes, at night, while armed with a deadly weapon, to
wit a firearm, near the entrance of a business named Café Adobe.”

At trial, Brandon McMann, an employee
of Café Adobe restaurant, testified that he stayed late to help manager Andy
Provost close the restaurant on January 18, 2004.  As they prepared to exit the
building at approximately 11:00 p.m., McMann saw a man in dark clothing jump
over a garden wall near the front door.  Provost testified that McMann seemed scared,
told him there was a man wearing a black ski mask outside the restaurant, and asked
him to call 9-1-1.  McMann testified that he did not see whether the man was
carrying a weapon.

Officer Richard Rivera of the Sugar Land
Police Department arrived at the restaurant shortly after the 9-1-1 call.  He
testified that he parked his car facing the front entrance.  His in-car video
camera recorded Rivera approaching the entrance of the restaurant and two men
emerging from the bushes and leaping over a wall.  He chased the men as they
ran past the restaurant and through a hedgerow.  Rivera later learned that the
two men were able to get ahead of him by taking a path that was not visible to
him during the chase.  Rivera yelled “police, stop” several times; however, the
men continued to run.  He stated that he followed the men to a creek, which they
tried to swim across.  Rivera took cover behind a tree and drew his service
weapon.

Larry Kayode, the restaurant’s
security guard, testified that he followed the men in his patrol truck as they
attempted to outrun Rivera, and he “never [lost] contact” with them.  He
remained in his truck until the men reached the creek.  He observed the men in
the creek and Nunez attempting to swim after he had been commanded to stop. 
Shortly after they reached the creek, another officer arrived and the men were
arrested.  The officers brought them to the restaurant, and McMann identified
Nunez as the man he saw jump over the wall.  Further, Rivera searched the area
for evidence after the men were arrested, and he recovered a 9 mm handgun and a
knit cap near the wall where he first saw them.  The two men were identified as
Nunez and Bautista.

Rivera testified that when Nunez and
Bautista jumped from the bushes he believed they were “definitely together”
because “they came out of the same exact area.”  He also noted that the men
took the same path through the opening in the hedgerow, and he inferred that
the men coordinated their attempted escape because “you’d either have to be an
employee or somebody who frequents that area just to know that that path is
there.”  Kayode also testified that the men “were together” because “[t]hey
were jumping the same direction at the same time.”

Nunez argues that the State did not
present sufficient evidence to prove that he and Bautista agreed to commit a
crime, to show why they were hiding in the bushes, or that they were armed with
a deadly weapon.  Because conspirators' work is often clandestine in nature,
direct evidence is not required to support a conviction for criminal conspiracy;
circumstantial evidence will suffice.  Butler v. State, 758
S.W.2d 856, 860 (Tex. App.—Houston [14th Dist.] 1988, no pet.).

Flight from the scene of a crime is
circumstantial evidence of guilt.  See Harris v. State, 645 S.W.2d 447,
457 (Tex. Crim. App. 1983).  Nunez’s actions, including his flight from the
scene, hiding in the bushes at 11:00 p.m. near a restaurant that was closing,
wearing dark clothing and a ski cap, and taking the same hidden path as
Bautista to escape—coupled with testimony that a gun and ski cap were found near
the bushes—are evidence of his agreement with Bautista to commit a crime.  In
viewing the evidence in the light most favorable to the verdict, we find the
evidence legally sufficient to support the conviction.

Factual Sufficiency Analysis

Considering all the evidence in a
neutral light, we find that the jury was justified in finding Nunez guilty.  Watson,
204 S.W.3d at 415.  The record shows that Nunez and Bautista hid outside
the Café Adobe at closing time on the night of January 18, 2004, Nunez wore a
ski cap and dark clothing, the men ran from police although commanded to stop,
and a gun and ski cap were found in the area where Nunez and Bautista were
hiding.  Again, circumstantial evidence is sufficient to support a verdict for
criminal conspiracy.  See Butler, 758 S.W.2d at 860.  We do not find this
evidence so weak as to render the verdict manifestly unjust.

We overrule Nunez’s second issue.

 

 

Jury Charge Error

      The indictment alleges that Nunez performed
the following overt act in furtherance of the conspiracy to commit aggravated
robbery:  “hid in some bushes, at night, while armed with a deadly weapon, to
wit a firearm, near the entrance of a business named Café Adobe.”

      The application paragraph of the jury charge
reads:

Now, if you find from the evidence beyond a
reasonable doubt that, in Fort Bend County, Texas, on or about January 18,
2004, the Defendant, did then and there with intent that a felony, to wit: 
Aggravated Robbery be committed, agree with Juan Bautista that they would
engage in conduct that would constitute said offense, and the said defendant,
either acting alone or as a party as that term is herein defined, did perform
an overt act in pursuance to said agreement, to wit:  hid in some bushes at
night; or, hid in some bushes while armed with a deadly weapon, to wit: a
firearm; or, hid near the entrance of a business named Café Adobe, then you
will find the defendant guilty of Conspiracy to Commit Aggravated Robbery as
charged in the Indictment in this case.

 

[Emphasis
added.]

 

      In his first issue, Nunez asserts that he
was deprived of his right to a unanimous jury verdict because the jurors were
not required to unanimously agree on which of the overt acts Nunez committed, the
charge allowed the jury to convict on acts that did not include an aggravating
element, and the charge does not track the language of the indictment.  The
State argues that the charge was not defective because it is proper for the
indictment to allege the methods of committing the offense in the conjunctive,
while the jury is charged in the disjunctive.

      Although we recognize that the jury’s
verdict in a criminal case must be unanimous (Francis v. State, 36
S.W.3d 121, 125 (Tex. Crim. App. 2000)) and that alternative theories of committing
the same offense may be submitted to the jury in the disjunctive (Kitchens
v. State, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991)), we do not perceive
either to be the issue in this case.

A jury charge is fundamentally
defective when it:  (1) authorizes conviction without proof of all the
requisite elements of the offense; (2) authorizes conviction on a different
theory than alleged in the indictment; (3) authorizes conviction on the theory
alleged in the indictment and on additional unalleged theories; or (4)
authorizes conviction for conduct which is not an offense.  Flores v. State,
48 S.W.3d 397, 402 (Tex. App.—Waco 2001, pet. ref’d) (citing Cumbie v.
State, 578 S.W.2d 732, 733-34 (Tex. Crim. App. 1979)).

The charge does not track the language
of the indictment.[2]  As
we view the indictment, it alleges a single overt act: “hid in some bushes, at
night, while armed with a deadly weapon, to wit a firearm, near the entrance of
a business named Café Adobe.”   The charge, on the other hand, describes three
separate acts:  (1) “hid in some bushes at night”; (2) “hid in some
bushes while armed with a deadly weapon, to wit: a firearm;” and (3) “hid near
the entrance of a business named Café Adobe.”  It authorized a conviction if
the jury found any one of the three to be true.  Thus, the charge authorized a
conviction on a theory different from that alleged in the indictment and was
erroneous.  See id.

Having
found error, we must analyze
that error for harm.  Ngo v. State, 175 S.W.3d
739, 743 (Tex. Crim. App. 2005) (citing Middleton v. State, 125 S.W.3d
450, 453 (Tex. Crim. App. 2003)).  The degree of harm necessary for reversal depends on
whether the appellant preserved the error by objection.  Id.  Under
Almanza, jury charge error requires
reversal when the defendant has properly objected to the charge and we find
“some harm” to his rights.  Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).  The “actual
degree of harm must be assayed in light of the entire jury charge, the state of
the evidence, including the contested issues and weight of probative evidence,
the argument of counsel and any other relevant information revealed by the
record of the trial as a whole."  Ovalle v. State, 13 S.W.3d 774,
786 (Tex. Crim. App. 2000).  The burden to demonstrate harm does not rest on Nunez
or the State; it is our responsibility as an appellate court to review the
record and assess harm.  Johnson v. State, 43 S.W.3d 1, 4-6 (Tex. Crim. App. 2001).

       As we have noted, the evidence
is legally and factually sufficient to prove the allegations of the
indictment.  The evidence that Nunez hid in the bushes, at night, near the Café
Adobe and that there was a firearm nearby is uncontroverted.  Considering the Ovalle
factors, we do not believe that Nunez suffered harm due to the error in the
court’s charge.  We overrule his first issue.

Law of Parties

      In his third issue, Nunez contends that the
trial court erred in instructing the jury on the law of parties because there
is no evidence that he or Bautista ever communicated, assisted, or encouraged
the other to commit a crime.

Nunez simply says there is no evidence
that he and Bautista knew each other or that he had any affiliation with Bautista. 
The State says when the evidence is sufficient to support both a primary and party
theory of liability, the court may instruct on the law of parties.  Neither
addresses interaction between the law of conspiracy and the law of parties.

      The central question is whether one of two
parties who are alleged to have agreed to enter into a conspiracy can be guilty
only as a party and not as a result of his own agreement.  The alleged
agreement is the essence of a conspiracy, not the overt act necessary to
complete the offense.  Harrell v. State, 885 S.W.2d 427, 431 (Tex. App.—Tyler 1991), rev’d on other grounds, 820 S.W.2d 800 (Tex. Crim. App. 1991);
see also Williams v. State, 646 S.W.2d 221, 222 (Tex. Crim. App. 1983).

      The test for determining when an instruction
should be submitted to the jury on the law of parties was set forth in McCuin
v. State, 505 S.W.2d 827 (Tex. Crim. App. 1974):

      Where the evidence introduced upon the trial
of the cause shows the active participation in the offense by two or more
persons, the trial court should first remove from consideration the acts and
conduct of the non-defendant actor.  Then, if the evidence of the conduct of
the defendant then on trial would be sufficient in and of itself, to sustain
the conviction, no submission of the law of [parties] is required.

 

      On the other hand, if the evidence introduced
upon the trial of the cause shows, or raises an issue, that the conduct of the
defendant then upon trial is not sufficient, in and of itself, to sustain a
conviction, the State's case rests upon the law of [parties] and is dependent,
at least in part, upon the conduct of another.   In such a case, the law of
parties must be submitted and made applicable to the facts of the case.  

 

See also Ladd v. State, 3 S.W.3d 547, 564 (Tex. Crim. App. 1999).

Although one could question the
application of this test to a charge of conspiracy involving only two persons,
we will apply it to the facts at hand.  Nunez and Bautista were “together.” 
The men hid in the same area near the restaurant, took the same path in an
attempt to outrun the police, and attempted to escape when commanded by the
police to stop.  Removing Bautista’s acts from consideration, we find that
Nunez’s identical acts are sufficient to warrant a jury’s finding that Nunez
entered into an agreement with Bautista and to establish the overt act necessary
under the statute to convict him of conspiracy.  Tex. Pen. Code Ann. § 15.02(a); see Childress v. State,
807 S.W.2d 424, 435 (Tex. App.—Amarillo 1991, no writ).  Indeed, without
Nunez’s and Bautista’s direct participation in the agreement, there
could be no conspiracy.  As noted, the evidence shows that Nunez did everything
that Bautista did, and vice-versa.  No charge was required on the law of
parties, and the court erred in including one.  See Pritchett v. State,
874 S.W.2d 168, 173 (Tex. App.—Houston [14th Dist.] 1994, pet. ref’d).

      Turning to the question of harm, we find
that the Court of Criminal Appeals has said that when the evidence clearly
supports a defendant’s guilt as a principal actor, an error in charging on the
law of parties is harmless.  See Ladd, 3 S.W.3d at 564-65; Black v.
State, 723 S.W.2d 674, 675 (Tex. Crim. App. 1986).

Accordingly, we overrule Nunez’s third
issue.

Presumption Instruction

In his final issue, Nunez argues that
the trial court erred by denying his request for a presumption instruction in
accordance with Penal Code Section 2.05.  See Tex. Pen. Code Ann. § 2.05(a)(2) (Vernon Supp. 2006).  Nunez insists
that an instruction was necessary because the charge “directed the jury” to
find guilt if it found beyond a reasonable doubt that he (1) hid in some bushes
at night; (2) hid in some bushes while armed with a deadly weapon; or (3) hid
near the entrance of the Café Adobe.

When the Penal Code or another penal
law establishes a presumption with respect to any fact, and there is sufficient
evidence of the fact to give rise to the presumption so that it must be
submitted to the jury, Section 2.05 requires the court to instruct the jury as
to the presumption.  Id.  Nunez has not established that this
section applies to the present case.  The application paragraph of the charge
required that the jury find beyond a reasonable doubt (1) that Nunez agreed
with Bautista to commit aggravated robbery and (2) committed an overt act.  Further,
Nunez has presented no authority in support of his contention that such an
instruction was required.  Accordingly, his fourth issue is overruled.

CONCLUSION

Having overruled Nunez’s four issues,
we affirm the judgment of the trial court.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray concurs in the judgment
without a separate opinion.)

Affirmed

Opinion
delivered and filed January 24, 2007

Publish

[CR25]









    [1]   We
address a claim of charge error later in this opinion.





    [2]   There
is not an allegation of a variance between the indictment and the proof at
trial, and we find none.