**Paul Sandoval RAMOS, Jr., Appellant,**

**v.**

**The STATE of Texas, State.**

**No. 2–90–248–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 17, 1991.

Rehearing Overruled Jan. 28, 1992.

Jack W. Beech, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, Asst. Crim. Dist. Atty., Charles M. Mallin, Kimberly Kaufman and Greg Pipes, Asst. Dist. Attys., Fort Worth, for appellee.

Before JOE SPURLOCK, II, HILL and FARRIS, JJ.

## OPINION

HILL, Justice.

Paul Sandoval Ramos, Jr., appeals his conviction by a jury of the offense of aggravated sexual assault. The jury assessed his punishment at fifty years in the Texas Department of Criminal Justice, Institutional Division.

Ramos contends in nine points of error that the trial court erred: (1) by failing to include an instruction on the lesser-included offense of sexual assault; (2) in overruling his motions for mistrial after sustaining his objections to certain arguments by the prosecutor and instructing the jury to disregard the arguments; and (3) in overruling his objections to other arguments made by the prosecutor.

■ We reverse and remand for a new trial because the trial court erred by refusing to charge the jury on the lesser-included offense of sexual assault since there was some evidence that if Ramos were guilty at all he was only guilty of that lesser-included offense. We hold that Ramos was harmed by the trial court's failure to submit the charge.

Ramos urges in point of error number one that the trial court erred by failing to instruct the jury as to the lesser-included offense of sexual assault, overruling his objection to the failure to submit the charge. In view of Ramos' objection, if there were error in the court's failure to submit the lesser-included offense to the jury, we must reverse if the error was calculated to injure the rights of Ramos, meaning that he must have suffered some harm. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (opinion on reh'g). In making this determination we must determine the actual degree of harm in light of any relevant information revealed by the record of the trial as a whole. *Id.* at 174.

The complainant testified she and a friend were walking in the stockyards area of Fort Worth when Ramos started following them. She said that when Ramos grabbed her from behind, she called him an s.o.b. and told him not to touch her. She related that Ramos, in response to her statement, said that nobody calls him names like that. The complainant testified Ramos then grabbed her and dragged her behind two buildings where he proceeded to rape her under threat of stabbing and death. The complainant indicated that after Ramos' initial attack, she was raped at an abandoned house, then a shed, and finally forced to have oral sex with Ramos.

Ramos acknowledged having sexual relations with the complainant, but denied threatening her in any way. He also indicated all of the sexual relations with the complainant were voluntary on her part. However, when his attorney asked him if the complainant had resisted when he had sex with her, Ramos said, "[m]ost like any other girl, you know, kind of act like they don't want it, but, you know, then they do, so—."

■ In determining whether a charge on a lesser-included offense is required, a two-step analysis is required. First, the evidence at trial must show a lesser-included offense within the proof of the offense charged. *Cunningham v. State,* 726 S.W.2d 151, 153 (Tex.Crim.App.1987). TEX.CODE CRIM.PROC.ANN. art. 37.09 (Vernon 1981) defines a lesser-included offense both in terms of the offense charged and the facts of the case. Therefore, a determination of whether an offense is a lesser-included offense of the charged offense can only be made on a case-by-case basis. *Cunningham,* 726 S.W.2d at 153.

Second, there must be some evidence in the record that if the defendant is guilty, he is not guilty of the alleged offense but is guilty only of the lesser-included offense. *Day v. State,* 532 S.W.2d 302, 307 (Tex. Crim.App.1975).

■ When evidence from any source, including the defendant's own testimony, raises the issue of a lesser-included offense, and there is testimony that, if guilty at all, the defendant is only guilty of the lesser-included offense, then the charge on the lesser-included offense must be sub-

mitted to the jury, if the charge is properly requested or its omission properly objected to. *Hunter v. State*, 647 S.W.2d 657, 658 (Tex.Crim.App.1983); TEX.CODE CRIM. PROC.ANN. art. 37.08 (Vernon 1981). The fact that the evidence is controverted or conflicts with other evidence in the case is not to be considered in determining whether an instruction on a lesser-included offense should have to be given. *Hobson v. State*, 644 S.W.2d 473, 477 (Tex.Crim.App. 1983). It is the jury's duty, under the proper instruction, to determine whether the evidence is credible and supports the lesser-included offense. *Id.*

The complainant testified that she was compelled by Ramos' threats to have sex with him. Ramos denied threatening the complainant and testified that the sex was voluntary. However, when asked by his counsel if the complainant had resisted when he started having sex with her, he answered, "[m]ost like any other girl, you know, kind of act like they don't want it, but, you know, then they do, so—." We think that Ramos' testimony could be construed to mean that the complainant resisted his attack, but that Ramos thought that she was being insincere. We hold that Ramos' statement indicating that the complainant resisted his sexual advances like "most other girls" was sufficient, taken in connection with his denial of the threats, to constitute some evidence that if Ramos were guilty at all he was only guilty of the offense of sexual assault. Consequently, the trial court erred in failing to submit a charge on the lesser-included offense of sexual assault to the jury. Ramos was harmed by his inability to urge the jury, should they find him guilty, to find him guilty only of sexual assault.

The State relies on this court's opinion in *McGahey v. State*, 744 S.W.2d 695 (Tex. App.—Fort Worth 1988, pet. ref'd). The two cases are very similar. As in this case, the complainant testified that the defendant compelled her to have sex by threatening her with death. Also as in this case, the defendant stated that the whole episode had been consensual. However, in that case there is no indication that the defendant gave any testimony that could indicate

resistance on the part of the complainant. As we have noted, in this case the defendant testified in a way that *could* reasonably be construed to indicate resistance on the part of the complainant.

The State argues that in the context Ramos made the statement it had to be a denial on Ramos' part that he had sex with the complainant without her consent. Whether it was or not, a rational jury could have concluded from the statement that the complainant resisted, that the sex was without her consent, but that Ramos, believing that all girls resist sex when they really want it, proceeded to have sex with her anyway. Although the testimony might have been intended by Ramos as an affirmation of the complainant's consent, the jury might have reasonably considered it an admission that the complainant resisted his advances. We sustain point of error number one. In view of our determination of point of error number one, we need not consider the remaining points of error.

We reverse and remand for a new trial.