**Paul Sandoval RAMOS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 331–92.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 6, 1993.

Rehearing Denied Nov. 24, 1993.

---

Jack W. Beech, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall and Charles M. Mallin, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty. and Matthew W. Paul, Asst. State's Atty., Austin, for State.

*OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge.

A jury convicted appellant of aggravated sexual assault and assessed punishment at confinement for fifty years. See V.T.C.A., Penal Code, Section 22.021. The Fort Worth Court of Appeals reversed the conviction, holding the trial court erred in failing to instruct the jury on the lesser included offense of sexual assault. *Ramos v. State*, 821 S.W.2d 418 (Tex.App.—Fort Worth 1991); see V.T.C.A., Penal Code, Section 22.011. We granted petitions for discretionary review filed by the Tarrant County District Attorney and the State Prosecuting Attorney to determine whether the Court of Appeals correctly held that a single statement from appellant's testimony, examined in isolation, raised the issue of the lesser included offense. We will reverse.

The victim testified appellant grabbed her and dragged her to several locations where he sexually assaulted her under threats of stabbing and death. She did not resist. During direct examination by his lawyer, appellant denied threatening the victim and claimed she consented to the sexual relations he had with her. When asked by his lawyer if the victim resisted his sexual advances, appellant testified, "[M]ost like any other girl, you know, kind of act like they don't want it, but, you know, then they do, so—." The Court of Appeals held this testimony, together with appellant's denial of threatening the victim, raised the lesser included offense of sexual assault. *Ramos*, 821 S.W.2d at 420; see Section 22.011. The Court of Appeals reasoned appellant's testimony that the victim resisted his sexual advances "like most other girls" could be construed by a jury to mean the victim resisted his sexual advances thereby constituting an admission the victim did not consent instead of a denial appellant committed the offense. See *id.;* see also *Godsey v. State*, 719 S.W.2d 578, 584 (Tex.Cr.App.1986).

■ In determining whether the evidence raises a lesser included offense, a two-step analysis is required. First, the lesser offense must be included within the proof necessary to establish the offense charged; second, there must be some evidence from any source that raises a fact issue on whether the defendant is guilty of *only* the lesser offense. *Royster v. State*, 622 S.W.2d 442, 446 (opinion on reh'g) (Tex.Cr.App.1981). The first condition of the two-step analysis was clearly met. To prove aggravated sexual assault, the State must prove sexual assault. See V.T.C.A., Penal Code, Sections 22.011 and 22.021. However, the Court of Appeals' holding that the second condition was met is contrary to our holding in *Godsey*, 719 S.W.2d at 584. In *Godsey* we held that a statement made by a defendant "cannot be plucked out of the record and examined in a vacuum" in a lesser included offense analysis. *Id.*

■ Here, the victim testified appellant sexually assaulted her under threats of severe violence. She also testified she did not resist appellant's sexual advances because she was afraid, and her only hope in escaping further harm was to do what appellant demanded. The victim's testimony raised no fact issues on the lesser included offense of sexual assault.

Appellant's statement on direct that the victim resisted "like most other girls" must be viewed in light of appellant's factual theory of the case. See *Godsey*, 719 S.W.2d at 584. Examining the entire record, it is clear appellant's factual theory was the victim willingly had sex with him under no threats of stabbing or death. During cross-examination, the prosecutor asked appellant the same question appellant's lawyer asked on direct concerning whether the victim resisted appellant's sexual advances. Appellant answered, "I wouldn't say resisting." Appellant later testified the victim "acted like she wanted it." Viewed in the context of the entire record, appellant's statement that the victim resisted "like most girls" failed to raise a fact issue on whether she resisted. See *Godsey*, 719 S.W.2d at 584. Therefore, appellant's testimony raised no fact issues on the lesser included offense of sexual assault,

and we hold he was not entitled to an instruction on that issue. We sustain the District Attorney's and the State Prosecuting Attorney's grounds for review.

We reverse the judgment of the Court of Appeals and remand the cause there to consider appellant's remaining points of error.

OVERSTREET, J., concurs in the result.

CLINTON, J., would affirm the judgment of the Court of Appeals under *Arcila v. State*, 834 S.W.2d 357 (Tex.Cr.App.1993), which is equally applicable to the State.

MALONEY, Judge, dissents with note:

Believing the Court of Appeals properly reviewed the evidence and applied the appropriate law, I dissent. *Arcila v. State*, 834 S.W.2d 357 (Tex.Crim.App.1992). The victim's testimony that she never saw a knife or any other weapon, together with appellant's testimony that he did not threaten the victim, amounts to some evidence that would permit a jury rationally to find that if appellant is guilty, he is guilty only of the lesser included offense of sexual assault. See *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex.Cr.App.1993).

BAIRD, Judge, concurring.

While I continue to believe that *Arcila v. State*, 834 S.W.2d 357 (Tex.Cr.App.1992), was wrongly decided, that decision is final and the doctrine of *stare decisis* demands that it be followed. *Delrio v. State*, 840 S.W.2d 443, 449 (Tex.Cr.App.1992) (Baird, J., dissenting). To that extent, Judge Clinton is correct in believing *Arcila* is equally applicable to the State and the defense.

However, the instant case is *not* controlled by *Arcila*. Rather this case is controlled by Tex.R.App.P. 200(c)(3) which provides for our review where a court of appeals has decided a question of law in conflict with an applicable decision of this Court. In its opinion, the Court of Appeals failed to recognize, acknowledge or in any manner distinguish our opinion in *Godsey v. State*, 719 S.W.2d 578 (Tex.Cr.App.1986). On direct appeal, the State relied upon *Godsey*, albeit weakly. State's brief pg. 9. As the majority correctly notes, the question of whether appellant's

testimony was sufficient to require an instruction on the lesser included offense of sexual assault is controlled by *Godsey*. Consequently, the Court of Appeals opinion necessarily conflicts with that opinion. Therefore, this was an appropriate case for our review. *See*, Rule 200(c)(3).

With these comments, I join the majority opinion.