COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-454-CR

 

 

WILLIAM
EMANUEL GLEN                                                     APPELLANT

HARTFIELD                                                                                         

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                                              

I. Introduction

In two issues, appellant William E.G. Hartfield appeals his
conviction for arson, asserting that the trial court abused its discretion by
failing to conduct a competency hearing and committed reversible error by
failing to include a jury instruction on attempted arson as a lesser included
offense.  We will affirm.








II. Background

Residents of the Shadow Creek Apartments
noticed a strong chemical odor in their apartments and called 911.  Firefighters noticed liquid leaking from the
ceiling in an upstairs unit and found a gasoline-filled balloon in the
attic.  Apartment 2009, which was leased
to Hartfield, was the only apartment with access to the attic.  Firefighters obtained a search warrant to
search that unit and saw some insulation and ceiling material on the carpet by
the entrance to the attic.  They also
found more insulation and ceiling material and a package for balloons in
Hartfield=s trash can.  Inside the attic, firefighters found another
gasoline-filled balloon, a charred, partially burned sock, and charred
insulation material.  Ultimately,
Hartfield was charged with arson.  

III. Competency to
Stand Trial

In his first issue, Hartfield contends that the trial court
abused its discretion by failing to conduct a formal competency hearing under
article 46B of the code of criminal procedure and as required to satisfy due
process.  The parties agree that the
trial court conducted an informal inquiry into Hartfield=s competency.  








Prior to trial, Hartfield=s first attorney
filed a motion suggesting incompetency and request for examination.  The trial court granted the motion and
appointed Dr. Barry Norman to conduct an examination of Hartfield to determine
his competency.  Dr. Norman reported that
Hartfield had a Adiagnosable mental illness/emotional
disturbance@ and that his impression of the illness
was A[d]epression,
mild, situational in nature@ and AMixed Personality
Disorder.@ 
The doctor found that Hartfield was competent to stand trial.[2]  

Under the Texas Code of Criminal Procedure, a defendant is
presumed competent to stand trial and shall be found competent unless proved
incompetent by a preponderance of the evidence.  Tex. Code Crim. Proc. Ann. art. 46B.003(b)
(Vernon 2006).  A defendant is
incompetent to stand trial if he lacks: (1) sufficient present ability to
consult with counsel with a reasonable degree of rational understanding, or (2)
a rational as well as factual understanding of the proceedings against him.  Id. art. 46B.003(a)(2); McDaniel v.
State, 98 S.W.3d 704, 709B10 (Tex. Crim.
App. 2003). 













Because the parties agree that the trial court conducted an
informal competency inquiry, and because Hartfield=s appellate
complaint concerns the trial court=s failure to
conduct a formal incompetency hearing, our analysis begins with the statutory
requirements of a formal competency hearing.[3]  If, after an informal inquiry into a
defendant=s competency to stand trial, the court
determines that evidence exists to support a finding of incompetency, the court
must order an  examination to determine
whether the defendant is incompetent to stand trial in a criminal case.[4]  Tex. Code Crim. Proc. Ann. art. 46B.005(a); Lawrence
v. State, 169 S.W.3d 319, 322 (Tex. App.CFort Worth 2005,
pet. ref=d).  And generally, if the court determines that
evidence exists to support a finding of incompetency, the court shall hold a
hearing to determine whether the defendant is incompetent to stand trial, and,
on the request of either party or on the court=s motion, a jury
shall make the determination as to whether the defendant is incompetent. Tex.
Code Crim. Proc. Ann. arts. 46B.005(b), 46B.051; Lawrence, 169 S.W.3d at
322.  In determining whether evidence
requires a hearing on competency, the trial court is to consider only the
evidence tending to show incompetency, and not evidence showing competency, in
order to find whether there is some evidence, a quantity more than none or a scintilla,
that rationally could lead to a determination of incompetency.  Moore v. State, 999 S.W.2d 385, 393
(Tex. Crim. App. 1999), cert. denied, 530 U.S. 1216 (2000) (citing Sisco
v. State, 599 S.W.2d 607 (Tex. Crim. App. 1980) and applying former version
of incompetency statute). 

We review a trial court=s decision not to
conduct a formal competency hearing for an abuse of discretion.  Id.  A trial court abuses its discretion if its
decision is arbitrary or unreasonable.  Lewis
v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). 








On appeal, Hartfield argues that Dr. Norman=s report, as well
as motions to withdraw filed by two of Hartfield=s defense counsel,
were evidence of his incompetency, requiring the trial court to conduct a
formal hearing concerning his competency to stand trial.[5]  Hartfield argues that Dr. Norman=s opinion that
Hartfield had Aa diagnosable mental illness/emotional
disturbance@ was some evidence of his incompetency,
but we hold that this diagnosis did not compel the trial court to hold a formal
hearing when no evidence indicated that Hartfield was incapable of consulting
with counsel or understand the proceedings against him.  See Moore, 999 S.W.2d at 395B96; see also
McDaniel, 98 S.W.3d at 710 (noting that evidence of severe mental
illness or moderate retardation or that defendant engaged in bizarre acts is
usually sufficient to create a bona fide doubt about defendant=s competency and
necessitate a competency inquiry under former version of competency
statute).  

Hartfield also points to Dr. Norman=s finding that
medications were Anecessary to attain or maintain
competency.@ 
The State argues, and we agree, that this statement must be viewed in
the context of the entire report.  Cf.
Ramos v. State, 865 S.W.2d 463, 465 (Tex. Crim. App. 1993) (holding that in
deciding whether there was any evidence entitling defendant to a lesser
included offense jury instruction, statement allegedly raising issue must be
viewed in context).  The AMedication@ section of Dr.
Norman=s report contained
the following:

C.      Are
medications necessary to attain or maintain competency

1.  Yes

 

D.      Are medications likely to help restore the
defendant to competency in the foreseeable future

1.  Not applicable

 








The
report then stated Dr. Norman=s opinion that
psychotropic medications were A[p]rospective
treatment options appropriate for defendant.@  Reading these sections of the report
together, Dr. Norman=s determination that Hartfield needed
medication Ato attain or maintain competency@ was not some
evidence of his incompetency and did not mandate a formal competency hearing
absent evidence of a present inability to communicate with his attorney or to
understand the proceedings.  See Moore,
999 S.W.2d at 395B96. 
Dr. Norman made clear that his ultimate professional opinion was that
Hartfield was competent to stand trial, and the report demonstrates that Dr.
Norman did not determine that medication was necessary to attain competency,
but rather would be a prospective treatment option appropriate to ensure
Hartfield maintained competency in the future. 
In the doctor=s professional opinion, Hartfield=s lack of
medication did not render him incompetent at that time.  








The issue of Hartfield=s competency is
not mentioned in the reporter=s record.  Hartfield did not request that a jury determine
his competency to stand trial, and he did not present the trial court with any
evidence, such as the opinion of another expert, of his incompetency.  The record does not include any discussions
regarding Hartfield=s competency other than the motion
suggesting incompetency and Dr. Norman=s
examination.  We cannot conclude that the
trial court=s decision not to conduct a formal
competency hearing was arbitrary and unreasonable; to the contrary, there was
no evidence of Hartfield=s incompetency to warrant such a
hearing.  See Tex. Code Crim.
Proc. Ann. art. 46B.004(c); McDaniel, 98 S.W.3d at 711; Lewis,
911 S.W.2d at 7.  Thus, we hold that the
trial court did not abuse its discretion by not conducting a formal hearing
concerning Hartfield=s competency to stand trial.  We overrule Hartfield=s first issue.

IV. Jury Instruction
on Lesser Included Offense

In his second issue, Hartfield argues that the trial court
committed reversible error by failing to include a jury instruction on
attempted arson as a lesser included offense. 
Hartfield concedes that he did not request the instruction at trial but
argues that we should review this matter for egregious harm pursuant to Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh=g).  








But Almanza does not relate to the failure to give a
lesser included offense instruction, and the decision whether to request such
an instruction is a strategic decision for the parties and is separate from the
trial court=s obligation to instruct the jury on the
law.  See Delgado v. State, 235
S.W.3d 244, 250 (Tex. Crim. App. 2007); Middleton v. State, No. 12‑07‑00066‑CR,
2008 WL 787567, at *3 (Tex. App.CTyler Mar. 26,
2008, pet. ref=d) (mem. op., not designated for
publication). If neither side requests a lesser included instruction, the trial
court need not submit one sua sponte.  Delgado,
235 S.W.3d at 249B50; Mashburn v. State, No. 02‑07‑00256‑CR,
2008 WL 3186642, at *13 (Tex. App.CFort Worth Aug. 7,
2008, no pet. h.).  Consequently, we
conclude that it was not error for the trial court not to give an unrequested
lesser included offense jury instruction. 
We overrule Hartfield=s second issue.

V. Conclusion

Having overruled Hartfield=s two issues, we
affirm the trial court=s judgment.

 

SUE WALKER

JUSTICE

 

PANEL: DAUPHINOT, WALKER, and
MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: December 23, 2008

 

 











[1]See Tex.
R. App. P. 47.4.





[2] The report included findings that
Hartfield Aappears to have a rational and
factual understanding of the charges and the potential consequences and
penalties@; Aprovided a reasonably accurate
rendition of the penalty range for the alleged offense@; Aappears to have a good
understanding of basic legal concepts@; and Apossesses the capacity to testify in a relevant manner[,] .
. . was able to converse logically and remain on topic[, and] . . . conversed
with this examiner in a goal-directed manner without significant problems.@ 





[3]Thus, we make no determination
regarding the trial court=s informal inquiry process and
address only whether the trial court was required to hold a formal competency
hearing.





[4]A court also may appoint one or
more disinterested experts to examine the defendant upon a suggestion that the
defendant may be incompetent to stand trial. 
Tex. Code Crim. Proc. Ann. art. 46B.021.





[5]Hartfield also contends that an
inference can be made that the trial court Adetermined that evidence existed to support a finding of
incompetency as a threshold matter@ because it granted his first attorney=s Motion Suggesting Incompetency
and Request for Examination, but the fact that a court grants a motion for a
competency evaluation does not constitute evidence that the defendant is
incompetent to stand trial.  See Johnson
v. State, 564 S.W.2d 707, 710 (Tex. Crim. App. 1977) (op. on reh=g), overruled on other grounds
by Williams v. State, 663 S.W.2d 832, 834 (Tex. Crim. App. 1984).