

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-454-CR

WILLIAM EMANUEL GLEN HARTFIELD                                 APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

In two issues, appellant William E.G. Hartfield appeals his conviction for arson, asserting that the trial court abused its discretion by failing to conduct a competency hearing and committed reversible error by failing to include a jury instruction on attempted arson as a lesser included offense. We will affirm.

------------

[1] *See* Tex. R. App. P. 47.4.

## II. BACKGROUND

Residents of the Shadow Creek Apartments noticed a strong chemical odor in their apartments and called 911. Firefighters noticed liquid leaking from the ceiling in an upstairs unit and found a gasoline-filled balloon in the attic. Apartment 2009, which was leased to Hartfield, was the only apartment with access to the attic. Firefighters obtained a search warrant to search that unit and saw some insulation and ceiling material on the carpet by the entrance to the attic. They also found more insulation and ceiling material and a package for balloons in Hartfield's trash can. Inside the attic, firefighters found another gasoline-filled balloon, a charred, partially burned sock, and charred insulation material. Ultimately, Hartfield was charged with arson.

## III. COMPETENCY TO STAND TRIAL

In his first issue, Hartfield contends that the trial court abused its discretion by failing to conduct a formal competency hearing under article 46B of the code of criminal procedure and as required to satisfy due process. The parties agree that the trial court conducted an informal inquiry into Hartfield's competency.

Prior to trial, Hartfield's first attorney filed a motion suggesting incompetency and request for examination. The trial court granted the motion and appointed Dr. Barry Norman to conduct an examination of Hartfield to

2

determine his competency. Dr. Norman reported that Hartfield had a "diagnosable mental illness/emotional disturbance" and that his impression of the illness was "[d]epression, mild, situational in nature" and "Mixed Personality Disorder." The doctor found that Hartfield was competent to stand trial.[2]

Under the Texas Code of Criminal Procedure, a defendant is presumed competent to stand trial and shall be found competent unless proved incompetent by a preponderance of the evidence. Tex. Code Crim. Proc. Ann. art. 46B.003(b) (Vernon 2006). A defendant is incompetent to stand trial if he lacks: (1) sufficient present ability to consult with counsel with a reasonable degree of rational understanding, or (2) a rational as well as factual understanding of the proceedings against him. *Id.* art. 46B.003(a)(2); *McDaniel v. State*, 98 S.W.3d 704, 709–10 (Tex. Crim. App. 2003).

Because the parties agree that the trial court conducted an informal competency inquiry, and because Hartfield's appellate complaint concerns the trial court's failure to conduct a formal incompetency hearing, our analysis

---

[2] The report included findings that Hartfield "appears to have a rational and factual understanding of the charges and the potential consequences and penalties"; "provided a reasonably accurate rendition of the penalty range for the alleged offense"; "appears to have a good understanding of basic legal concepts"; and "possesses the capacity to testify in a relevant manner[,] . . . was able to converse logically and remain on topic[, and] . . . conversed with this examiner in a goal-directed manner without significant problems."

3

begins with the statutory requirements of a formal competency hearing.[3]  If,

after an informal inquiry into a defendant's competency to stand trial, the court

determines that evidence exists to support a finding of incompetency, the court

must order an  examination to determine whether the defendant is incompetent

to stand trial in a criminal case.[4]  Tex. Code Crim. Proc. Ann. art. 46B.005(a);

*Lawrence v. State*, 169 S.W.3d 319, 322 (Tex. App.—Fort Worth 2005, pet.

ref'd).  And generally, if the court determines that evidence exists to support

a finding of incompetency, the court shall hold a hearing to determine whether

the defendant is incompetent to stand trial, and, on the request of either party

or on the court's motion, a jury shall make the determination as to whether the

defendant is incompetent. Tex. Code Crim. Proc. Ann. arts. 46B.005(b),

46B.051; *Lawrence*, 169 S.W.3d at 322.  In determining whether evidence

requires a hearing on competency, the trial court is to consider only the

evidence tending to show incompetency, and not evidence showing

competency, in order to find whether there is some evidence, a quantity more

---

[3] Thus, we make no determination regarding the trial court's informal inquiry process and address only whether the trial court was required to hold a formal competency hearing.

[4] A court also may appoint one or more disinterested experts to examine the defendant upon a suggestion that the defendant may be incompetent to stand trial.  Tex. Code Crim. Proc. Ann. art. 46B.021.

than none or a scintilla, that rationally could lead to a determination of incompetency. *Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999), *cert. denied*, 530 U.S. 1216 (2000) (citing *Sisco v. State*, 599 S.W.2d 607 (Tex. Crim. App. 1980) and applying former version of incompetency statute).

We review a trial court's decision not to conduct a formal competency hearing for an abuse of discretion. *Id.* A trial court abuses its discretion if its decision is arbitrary or unreasonable. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995).

On appeal, Hartfield argues that Dr. Norman's report, as well as motions to withdraw filed by two of Hartfield's defense counsel, were evidence of his incompetency, requiring the trial court to conduct a formal hearing concerning his competency to stand trial.[5] Hartfield argues that Dr. Norman's opinion that Hartfield had "a diagnosable mental illness/emotional disturbance" was some evidence of his incompetency, but we hold that this diagnosis did not compel the trial court to hold a formal hearing when no evidence indicated that Hartfield

---

[5] Hartfield also contends that an inference can be made that the trial court "determined that evidence existed to support a finding of incompetency as a threshold matter" because it granted his first attorney's Motion Suggesting Incompetency and Request for Examination, but the fact that a court grants a motion for a competency evaluation does not constitute evidence that the defendant is incompetent to stand trial. See *Johnson v. State*, 564 S.W.2d 707, 710 (Tex. Crim. App. 1977) (op. on reh'g), *overruled on other grounds by Williams v. State*, 663 S.W.2d 832, 834 (Tex. Crim. App. 1984).

was incapable of consulting with counsel or understand the proceedings against him. *See Moore*, 999 S.W.2d at 395–96; *see also McDaniel*, 98 S.W.3d at 710 (noting that evidence of severe mental illness or moderate retardation or that defendant engaged in bizarre acts is usually sufficient to create a bona fide doubt about defendant's competency and necessitate a competency inquiry under former version of competency statute).

Hartfield also points to Dr. Norman's finding that medications were "necessary to attain or maintain competency." The State argues, and we agree, that this statement must be viewed in the context of the entire report. *Cf. Ramos v. State*, 865 S.W.2d 463, 465 (Tex. Crim. App. 1993) (holding that in deciding whether there was any evidence entitling defendant to a lesser included offense jury instruction, statement allegedly raising issue must be viewed in context). The "Medication" section of Dr. Norman's report contained the following:

C. Are medications necessary to attain or maintain competency
1. Yes

D. Are medications likely to help restore the defendant to competency in the foreseeable future
1. Not applicable

The report then stated Dr. Norman's opinion that psychotropic medications were "[p]rospective treatment options appropriate for defendant." Reading

6

these sections of the report together, Dr. Norman's determination that Hartfield needed medication "to attain or maintain competency" was not some evidence of his incompetency and did not mandate a formal competency hearing absent evidence of a present inability to communicate with his attorney or to understand the proceedings. *See Moore*, 999 S.W.2d at 395–96. Dr. Norman made clear that his ultimate professional opinion was that Hartfield was competent to stand trial, and the report demonstrates that Dr. Norman did not determine that medication was necessary to attain competency, but rather would be a prospective treatment option appropriate to ensure Hartfield maintained competency in the future. In the doctor's professional opinion, Hartfield's lack of medication did not render him incompetent at that time.

The issue of Hartfield's competency is not mentioned in the reporter's record. Hartfield did not request that a jury determine his competency to stand trial, and he did not present the trial court with any evidence, such as the opinion of another expert, of his incompetency. The record does not include any discussions regarding Hartfield's competency other than the motion suggesting incompetency and Dr. Norman's examination. We cannot conclude that the trial court's decision not to conduct a formal competency hearing was arbitrary and unreasonable; to the contrary, there was no evidence of Hartfield's incompetency to warrant such a hearing. *See* Tex. Code Crim. Proc. Ann. art.

46B.004(c); *McDaniel*, 98 S.W.3d at 711; *Lewis*, 911 S.W.2d at 7. Thus, we hold that the trial court did not abuse its discretion by not conducting a formal hearing concerning Hartfield's competency to stand trial. We overrule Hartfield's first issue.

## IV. JURY INSTRUCTION ON LESSER INCLUDED OFFENSE

In his second issue, Hartfield argues that the trial court committed reversible error by failing to include a jury instruction on attempted arson as a lesser included offense. Hartfield concedes that he did not request the instruction at trial but argues that we should review this matter for egregious harm pursuant to *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g).

But *Almanza* does not relate to the failure to give a lesser included offense instruction, and the decision whether to request such an instruction is a strategic decision for the parties and is separate from the trial court's obligation to instruct the jury on the law. *See Delgado v. State*, 235 S.W.3d 244, 250 (Tex. Crim. App. 2007); *Middleton v. State,* No. 12-07-00066-CR, 2008 WL 787567, at *3 (Tex. App.—Tyler Mar. 26, 2008, pet. ref'd) (mem. op., not designated for publication). If neither side requests a lesser included instruction, the trial court need not submit one sua sponte. *Delgado*, 235 S.W.3d at 249–50; *Mashburn v. State*, No. 02-07-00256-CR, 2008 WL

3186642, at *13 (Tex. App.—Fort Worth Aug. 7, 2008, no pet. h.). Consequently, we conclude that it was not error for the trial court not to give an unrequested lesser included offense jury instruction.  We overrule Hartfield's second issue.

## V. CONCLUSION

Having overruled Hartfield's two issues, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 23, 2008