*1609·15*

ORIGINAL

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

EDRICK DUNN,
PETITIONER

v.

THE STATE OF TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*

Petition in Cause No. 2011-432,529, from the
140th District Court of Lubbock County, Texas,
Hon.Jim Darnell presiding
and Cause No. 07-13-00378-CR in the Court of Appeals
for the Seventh Supreme Judicial District of Texas

\*\*\*\*\*\*\*\*\*\*\*\*

PETITION FOR DISCRETIONARY REVIEW

Edrick Dunn
TDCJ #01896519
Eastham Unit
2665 Prison Road #1
Lovelady, TX 75851

EDRICK DUNN,
Pro se as Petitioner

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 11 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

DEC 11 2015

Abel Acosta, Clerk

## IDENTITY OF JUDGE, PARTIES, AND COUNSEL
### (RULE 68.4(a), TEX.R.APP.PROC.)

A complete list of all parties to the trial court's judgment or order appealed from, and the names and addresses of all trial and appellate counsel includes:

Edrick Dunn, pro se
TDCJ #01896519
Eastham Unit
2665 Prison Road #1
Lovelady, TX 75851


THE STATE OF TEXAS, Respondent

FOR THE PETITIONER:

Edrick Dunn, pro se
TDCJ #01896519
Eastham Unit
2665 Prison Road #1
Lovelady, TX 75851


TRIAL COURT JUDGE:

Hon. Jim Darnell
Lubbock County Courthouse
904 Broadway
140th District Court, Lubbock County
PO Box 10536
Lubbock, TX 79408-3536
(806) 775-1128

FOR THE STATE OF TEXAS:

MR.JEFF FORD
ATTORNEY FOR THE
STATE OF TEXAS
Office of the District Attorney
Lubbock County
PO Box 10536
Lubbock, TX 79408-3536
(806) 775-1100
(806)775-1154 (fax)


Hon. LISA McMINN
State Prosecuting Attorney
PO Box 12405
Austin, TX 78711
(512)463-1660
(512)463-5724 (fax)

## TABLE OF CONTENTS
### (RULE 68.4(a), TEX.R.APP.PROC.)

PAGE

PARTIES.................................................2

TABLE OF CONTENTS.......................................3

INDEX OF AUTHORITIES....................................4

STATEMENT REGARDING ORAL ARGUMENT.......................6

STATEMENT OF THE CASE...................................6

STATEMENT OF PROCEDURAL HISTORY.........................6

PETITIONER'S GROUNDS FOR REVIEW.........................7

NUMBER ONE: THE COURT OF APPEALS ERRED IN HOLDING THAT THE TRIAL
COURT DID NOT ABUSE ITS DISCRETION BY REFUSING TO INCLUDE AN
APPLICATION PARAGRAPH FOR THE LESSER-INCLUDED OFFENSE OF THEFT
FROM AN ELDERLY INDIVIDUAL IN THE JURY CHARGE ON GUILT-
INNOCENCE, AS THE SAME WAS THE LAW OF THE CASE FROM THE RECORD
AT TRIAL...................

REASONS FOR REVIEW.....................................7

AS TO GROUNDS NUMBER ONE: THE DECISION OF THE COURT OF
APPEALS CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT
OF CRIMINAL APPEALS.

ARGUMENT...............................................8

CONCLUSION AND PRAYER.................................14

CERTIFICATE OF COMPLIANCE............................14

CERTIFICATE OF SERVICE...............................15

APPENDIX.............................................15

# INDEX OF AUTHORITIES
## (RULE 68.4(b), TEX.R.APP.PROC.)

**PAGE**

**STATE STATUTES**

TEX.CODE.CRIM.PROC. Art.36.14............................................10

TEX.PEN.CODE § 29.03......................................................6

PEN.CODE § 31.03(f)(3)(A).................................................8

**STATE CASES**

Bell v. State, 693 S.W. 2d 434,442 (Tex.Crim.App. 1985)...................11

Cavazos v. State, 382 S.W. 3d 377 (Tex.Crim.App. 2012)...................11

Hall v. State, 225 S.W. 3d 524,534-535 (Tex.Crim.App. 2007)..............11

Hall v. State, 283 S.W. 3d 137 (Tex.App.-Austin 2009,pet.ref'd)..........11

Lugo v. State, 667 S.W. 2d 144 (Tex.Crim.App. 1984).....................12

Ramos v. State, 865 S.W. 2d 463,465 (Tex.Crim.App. 1993)................11

Saunders v. State, 840 S.W. 2d 390 (Tex.Crim.App. 1992).................12

Sweed v. State, 351 S.W. 3d 63,67 (Tex.Crim.App. 2011)..................11

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

EDRICK DUNN,
PETITIONER

v.

THE STATE OF TEXAS

************

Petition in Cause No. 2011-432,529, from the
140th District Court of Lubbock County, Texas,
Hon.Jim Darnell presiding
and Cause No. 07-13-00378-CR in the Court of Appeals
for the Seventh Supreme Judicial District of Texas

************

PETITION FOR DISCRETIONARY REVIEW

Edrick Dunn
TDCJ #01896519
Eastham Unit
2665 Prison Road #1
Lovelady, TX 75851

EDRICK DUNN,
Pro-se äs Petitioner

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW EDRICK DUNN, Petitioner, appearing pro se, and petitions the Court of Criminal Appeals of Texas to exercise its discretionary jurisdiction to review the judgement of the Court of Appeals for the Seventh District of Texas, Amarillo, Texas. In support of this Petition, he would show this Honorable Court as Follows.

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner waives oral argument.

## STATEMENT OF THE CASE

On October 11, 2011, Petitioner was charged in a single-count indictment in Cause No. 2011-432,529, in the 140th District Court of Lubbock County. He was charged under Penal Code § 29.03 with Aggravated Robbery. The alleged victim was Norma Chance, and the offense date given was September 7, 2011 (Clerk's Record ["CR"]p.7).

A non-evidentiary pretrial hearing was held in the case on January 10, 2013 (Reporter's Record ["RR"]v.2). Petitioner's jury trial on guilt-innocence commenced on October 22, 2013 in the 140th District Court, Hon.Jim Darnell presiding. Petitioner was convicted on October 23, 2013 (RR v.5,p.24).

Sentencing proceedings commenced before the jury on October 23, 2013. On October 24, 2013, the jury sentenced Petitioner to fifty (50) years imprisonment in the Texas Department of Criminal Justice, Institutional Division (RR v.7,p.24). Petitioner perfected appeal on November 7, 2013 (CR p.133).

## STATEMENT OF PROCEDURAL HISTORY
### (RULE 68.4(e), TEX.R.APP.PROC.)

Then attorney David Crook submitted a brief to the Seventh Court of Appeals on May 19, 2014. The Seventh Court of Appeals rendered its decision affirming Petitioner's conviction on August 11, 2014. Then counsel mailed the appellant a copy of the brief submitted on his behalf on the same date. No motion for rehearing was filed by Petitioner's then counsel, David Crook, of Crook & Jordan in Lubbock.

Petitioner's counsel at the time, David Crook, failed to file a Petition for Discretionary Review on Petitioner's behalf. Petitioner then filed, pro se, a post-conviction writ of habeas corpus pursuant to Code of Criminal Procedure 11.07, et. seq. Relief was granted as to the writ on November 9th, 2015 and Petitioner was permitted to file an out-of-time Petition for Discretionary

6

Review no later than December 9TH, 2015 This petition was then timely filed.

GROUNDS FOR REVIEW

NUMBER ONE: THE COURT OF APPEALS ERRED IN HOLDING THAT THE TRIAL
COURT DID NOT ABUSE ITS DISCRETION BY REFUSING TO INCLUDE AN
APPLICATION PARAGRAPH FOR THE LESSER-INCLUDED OFFENSE OF THEFT
FROM AN ELDERLY INDIVIDUAL IN THE JURY CHARGE ON GUILT-
INNOCENCE, AS THE SAME WAS THE LAW OF THE CASE FROM THE RECORD
AT TRIAL.

REASON FOR REVIEW

AS TO GROUNDS NUMBER ONE: THE DECISION OF THE COURT OF
APPEALS CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT
OF CRIMINAL APPEALS.

7

## ARGUMENT

NUMBER ONE: THE COURT OF APPEALS ERRED IN HOLDING THAT THE TRIAL
COURT DID NOT ABUSE ITS DISCRETION BY REFUSING TO INCLUDE AN
APPLICATION PARAGRAPH FOR THE LESSER-INCLUDED OFFENSE OF THEFT
FROM AN ELDERLY INDIVIDUAL IN THE JURY CHARGE ON GUILT-INNOCENCE, AS
THE SAME WAS THE LAW OF THE CASE FROM THE RECORD AT TRIAL.

### Applicable Portions of the Record

Petitioner was indicted for Aggravated Robbery, the aggravating element being not the alleged use of a deadly weapon, or the infliction of seriously bodily injury, but rather the age of the victim. The indictment charged Petioner with "intentionally, knowingly, or recklessly" causing bodily injury to Ms.Norma Chance, the alleged victim (CR p.7). Petitioner avers that the jury charge should have contained an alternate application paragraph so that the jury could have convicted on the lesser-included offense of Theft from an Elderly Person, PEN. CODE §31.03(f)(3)(A). This is because not only was the evidentiary record at trial equivocal and ambiguous on whether the alleged victim was injured, but also because the evidence showed the event at issue to be purse-snatching, and when a person commits a purse-snatching by grabbing a purse from another individual without more, a threshold question is presented as to whether there was any intent to injure, even if in the event the alleged victim falls, for example, or sustains incidental injuries. Such a factual scenario virtually in every instance would present a fact issue for a jury or the trier of fact. Therefore, the jury should have been permitted to make the determination.

Ms.Norma Chance was the alleged victim in the case. At trial the State fed Ms.Chance a leading question about Petitioner knocking her down. Ms.Chance demurred and said that he didn't knock her down, but rather grabbed her purse, and when he "pulled up," it made her "go up." She was "hanging on to" her purse, or trying to (RR v.4,p.41). She fell down (RR v.4,p.42). Therefore, the record is devoid of any evidence that Petitioner struck Chance or otherwise directly assaulted her. The case was a purse snatching, and Ms.Chance happened to fall

8

as a result.

At trial Ms.Chance at first said that she had no visible injuries on her person. Later she said that her hands and fingers were bruised. The police then took pictures and asked if she wanted to go to the hospital. She said no (RR v.4,p.49). Also, Chance, despite her advanced years, chased Appellant. According to her, she was "running after him" (RR v.4,p.43). This was after being robbed and supposedly injured. She certainly demonstrated admirable activity for a woman of her age. (RR v.4,pp.41-44). The State never introduced any medical records at trial, although Chance testified that she went to a doctor (RR v.4,pp.55-56). Latonya ["Tonya"] Long, the store employee, testified that she could not remember if Chance had any injuries (RR v.6,p.87). She did not recall what the police took pictures of when they photographed Chance. On cross, Tonya said that Chance had a limp when coming back up to her after the robbery, but admitted that she could not recall seeing Chance limp in the store video (RR v.4,p.109). When counsel reminded Tonya that chance walked home, Tonya first denied recalling, and then allowed that Chance might have "left walking" (RR v.4,pp.109-110). Officer Jeremy Jones stated that Chance was offered medical attention but turned it down (RR v.4,p.140). Jones saw Chance walking about and could not see any impairment, other than Chance being elderly (RR v.4,p.142). Corporal Jay White, the CSO on the instant case (RR v.4,p.149), photographed Chance and did testify that he saw injuries on Chance's right forearm, hand, and finger (RR v.4,p.151). White testified that Chance had difficulty walking when he saw her, but also testified that he did not offer her medical care or a ride home (RR v.4,pp.158-159).

## Opinion of the Court of Appeals

In his Brief to the Court of Appeals, Petitioner advanced the argument restated here that the Trial Court abused its discretion by overruling his objection to the omission of an application paragraph permitting the trier of fact to convict only

9

for the lesser-included offense of theft from an Elderly Person, rather than only Aggravated Robbery. The case was aggravated due to the age of the victim, not due to the display of a deadly weapon or the infliction of serious bodily injury. (See brief of Appellant,pp.31-42).

At trial, Petitioner preserved error by (inter alia) objecting, pursuant to Article 36.14 of the Code of Criminal Procedure, to the omission of the option of convicting for "theft from an elderly person" from the charge (RR v.4,p.161). The Court of Appeals did not base its holding on any assertion that error as to the charge was not preserved. Since Petitioner was complaining of the undue omission of a lesser-included offense from the charge, the Court of Appeals referred to the "two-step analysis" used for review of charge this issue, that of Hall v. State, 225 S.W. 3d 524,535-536(Tex.Crim.App.2007)[Opinion of the Court of Appeals,p.2]. The Hall opinion said that the reviewing court must determine if the proof necessary to establish the charged offense also included the lesser offense[citing Cavazo v. State, 382 S.W. 3d 377,383(Tex.Crim.App.2012)]. In its opinion on the instant case, the Court of Appeals further noted that pursuant to the holdings cited, supra, if an appellant meets the requirements of the first step, the reviewing court must then consider whether "the evidence shows that if Appellant is guilty, he is guilty only of the lesser offense" [Opinion of the Court of Appeals,p.2.] Petitioner had noted the same test and cited the same two cases in his brief [Brief of Appellant,p.35]. In affirming the case, the Court of Appeals tacitly agreed with Petitioner that in view of the indictment and evidence in this Cause, theft from an Elderly Person was in fact a lesser-included offense of Aggravated Robbery [from the age of the victim as aggravating element]. The opinion of the Court of Appeals stated that, "What Appellant is missing is evidence tending to show that if he is guilty of any offense, he is only guilty of theft" [Opinion of the Court of Appeals,p.2]. It also stated that, "Simply put, Appellant failed to establish the second prong of our two-step analysis"[Opinion of the Court of Appeals,

10

p.3]. Thus, the argument here concerns whether the evidence at Petitioner's trial presented any issue as to the lesser offense, thereby necessitating its inclusion in the charge.

## Requirement of the Inclusion of a Lesser-Included Offense Where the Evidence Raises the Issue

A trial court should instruct the jury on a lesser-included offense if (1) the offense in question is a lesser-included offense, and (2) the record contains some evidence that would permit a rational jury to find the defendant guilty only of the lesser-included offense. Hall[Court of Criminal Appeals] supra, at 473, Hall[Austin], supra, at 157, Sweed v. State, 351 S.W. 3d 63, 67 (Tex.Crim.App.2011). That is a defendant [given the application of the first prong, supra] qualifies for a lesser-included offense instruction if the record contains evidence that, if believed by the jury, negates or refutes an element of the greater offense while providing a rational alternative finding on any associated element of the lesser offense, or is subject to different interpretations by the jury. Cavazos v. State, 382 S.W. 3d 377 (Tex.Crim.App. 2012). Put another way, a defendant is entitled to an instruction on a lesser-included offense if some evidence from any source raised a fact issue on whether he is guilty of only the lesser offense, regardless of whether the evidence is weak, impeached, or contradicted. Bell v. State, 693 S.W. 2d 434, 442 (Tex.Crim.App. 1985). In applying the second prong, the reviewing court must "examine the entire record instead of plucking evidence from the record and examining it in a vacuum." Ramos v. State, 865 S.W. 2d 463, 465 (Tex.Crim.App. 1993). Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge. Id. at 489.

## Argument for Inclusion of the Instruction

There is more than a scintilla of evidence, under the prevailing standard for the inclusion of a lesser-included offense, that Ms.Chance did not suffer

11

bodily injury on the occasion at issue. She testified that despite being over 70 years of age, after being robbed, she ran after Appellant. She was not offered a ride home, and wound up walking home. She turned down medical care. She did not seek out a doctor that day, but saw one the following day by previous appointment. She stated before the jury that she did not have any visible injuries, before hastily amending her answer (RR v.4,p.46). The store clerk, who was certainly sympathetic to her, admitted she could not see Ms.Chance limping on the video introduced into evidence. She also stated that she could not remember if Ms.Chance had any injuries (RR v.4,p.87). One of the police witnesses admitted he could see no impairment in her gait. The State never introduced any of the medical records pertaining to the event, and Ms.Chance never identified the physician who treated her. Certainly there was other testimony tending to show injury, but there was more than a scintilla indicating there were no injuries. The question was for the jury.

There was also second basis for the inclusion of the lesser-included offense instruction other than the uncertainty raised by the evidence about whether Ms.Chance actually suffered bodily injury. That is the patent uncertainty, from the evidence, as to whether Petitioner even recklessly inflicted bodily injury upon her, in a case lacking any evidence that he struck her. There is no evidence that he intentionally or knowingly inflicted injury on her. More generally, Petitioner avers that a case like the one at bar where the evidence as a threshold matter presents an issue as to whether he even inflicted bodily injury is, ipso facto, going to require the inclusion of a lesser-included offense instruction, where applicable. Ms.Chance testified that Appellant did not knock her down or strike her; rather, he grabbed her purse and "pulled up," making her "go up" [and fall] since Appellant was "taller than I was" (RR v.4,p.41). That is, since the evidence showed basically that Appellant grabbed a purse, but did not show that he struck or otherwise physically lashed

12

out directly at the victim, the jury should on the face of things be given the option of convicting for the appropriate grade of theft [of person], rather than necessarily having to include the assaultive component. Saunders v. State, 840 S.W. 2d 390 (Tex.Crim.App. 1992), presents some broad similarities to the issue of the applicability of a lesser-included offense. In Saunders, the defendant was convicted of murder, and the trial court denied the inclusion of a lesser-included offense of criminally negligent homicide in the charge. In reversing on this point, the Court of Criminal Appeals held that a negligent homicide instruction was required where the evidence showed that the defendant had squeezed the back of an infant's head, causing death. The jury could conclude from this that either the defendant knew that his action might cause death, or he did not know. The Court noted that the evidence only circumstantially showed the defendant's mental state. Id. at 392. The opinion in Saunders alluded to another case, Lugo v. State, 667 S.W. 2d 144 (Tex.Crim.App. 1984), in which the Court held that an involuntary manslaughter charge should have been included in that murder case. The evidence in Lugo showed that the defendant pointed a loaded rifle at his wife, to persuade her to relinquish some car keys. The Court noted that this evidence could have been interpreted to show that the defendant intentionally pointed the rifle at his wife knowing it was loaded and then intentionally shot her, or it could have been interpreted to show that the defendant consciously disregarded a substantial risk.

### The Court of Appeals Ignored Binding Precedent

Given the evidentiary posture of the case, it is Petitioner's position that the evidence raised more than a scintilla of an issue as to whether he was guilty only of the lesser offense of Theft from an Elderly Person, and the jury should have been given the option of convicting only for this lesser offense. That required by the holdings of the Court of Criminal Appeals in such cases as Hall, Sweed, and Bell, supra. The Court of Appeals therefore

misinterpreted or misapplied binding precedent in affirming Petitioner's conviction.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner EDRICK DUNN, prays that the Court of Criminal Appeals grant his Petition for Discretionary Review, and that after submission, this Court reverse the decision of the Court of Appeals and remand the Cause.

Respectfully submitted,

Edrick Dunn, pro se
TDCJ #01896519
Eastham Unit
2665 Prison Road #1
Lovelady, TX 75851

## CERTIFICATE OF COMPLIANCE WITH T.R.A.P. 9.4(i)(2)(D)

This is to certify that the length of the foregoing Petition for Discretionary Review conforms with the Texas Rule of Appellant Procedure 9.4, in that the brief, computer-generated, is 2,091 words, which is no longer than 4,500 words, exclusive of the pages containing the identity of parties and counsel, any statement regarding oral argument, the table of contents, the index of authorities, the statement of the case, the issue presented, the signature, and the proof of service.

/s/ Edrick Dunn
EDRICK DUNN

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the above and forgoing PETITION FOR DISCRETIONARY REVIEW was mailed to the Hon.Jeff Ford, attorney for the State of Texas, at his office address of Office of the District Attornet, PO Box 10536, Lubbock, TX 79408-3536. It was also mailed to Hon.Lisa McMinn, State Prosecuting Attorney, PO Box 12405, Austin, TX, 78711, both being mailed on November. 27TH ,2015.

/s/ Edrick Dunn
EDRICK DUNN

15

APPENDIX



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00378-CR

EDRICK DUNN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2011-432,529, Honorable Jim Bob Darnell, Presiding

August 11, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Edrick Dunn appeals his conviction for the offense of aggravated robbery and resulting sentence of fifty years confinement.[1] By a single issue, he maintains the trial court abused its discretion by rejecting his request for a lesser-included offense instruction. We affirm.

---

[1] TEX. PENAL CODE ANN. § 29.03(a)(3)(A) (West 2011). An offense under this section is a felony of the first degree. In addition to the primary offense, the jury also found the allegations of an enhancement paragraph to be true.

*BACKGROUND*

Appellant does not challenge the sufficiency of the evidence supporting his conviction; therefore, we will recite only so much of the evidence as is necessary to an understanding of the issue presented. The criminal charges in question arose from Appellant jerking a purse from the hands of a seventy year old woman as she walked to a convenience store, thereby causing her to fall and sustain minor injuries. Testimony and photographs admitted showed the victim sustained minor injuries, including small abrasions to her right forearm, hand and finger. The victim also complained of injury to her knees and feet. Immediately following the incident, the victim was offered medical attention, but she turned it down. The next day she went to a doctor, who removed three moles from her neck that had been scraped when the purse was pulled away.

At the conclusion of the guilt-innocence phase of trial, Appellant requested the inclusion of an instruction on the lesser-included offense of theft of an elderly person. The trial court denied the request, and that denial forms the basis of this appeal.

### *Lesser-Included Offense*

In determining whether a trial court erred in denying a request for a lesser-included offense instruction we apply a two-step analysis. *Hall v. State*, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007). First, we must determine if the proof necessary to establish the charged offense also includes the lesser offense. *Cavazos v. State*, 382 S.W.3d 377, 383 (Tex. Crim. App. 2012). If this threshold is met, we must then consider whether the evidence shows that if Appellant is guilty, he is guilty *only* of the lesser offense. *Id.*

2

Here, the indictment upon which Appellant was tried averred that he:

> on or about the 7th day of September, A.D. 2011, did then and there, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally, knowingly, or recklessly cause bodily injury to [victim], a person 65 years of age or older, by causing the said [victim] to fall and strike the ground . . . .

This language generally tracks the offense of aggravated robbery found under section 29.03(a)(3)(A) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 29.03(a)(3)(A) (West 2011) (stating that a person commits the offense of aggravated robbery if, while in the course of committing theft, he intentionally, knowingly, or recklessly causes bodily injury to a person who is sixty-five years of age or older).

Appellant believes he was entitled to a lesser-included offense instruction because testimony supplied by the victim "raised the question of whether the victim suffered bodily injury or not."[2] In other words, because some evidence indicated the victim's injuries were minor, he contends there is evidence showing he is guilty of the offense of theft of person, thereby warranting an instruction on that lesser-included offense. *See id.* at § 31.03 (stating that a person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of that property).

What Appellant is missing is evidence tending to show that if he is guilty of any offense, he is *only* guilty of theft. He cites us to no evidence, and we have found none, suggesting the victim suffered no bodily injury as a result of the offense or that Appellant did not intend to cause bodily injury when he snatched her purse from her as she walked down the street. And, given that there was no "evidence in the record that

---

[2]"Bodily injury" means physical pain, illness, or any impairment of physical condition. *See* TEX. PENAL CODE ANN. § 1.07(a)(8) (West Supp. 2014).

3

would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense," the trial court did not err in denying Appellant's requested lesser-included offense instruction. *Hall*, 225 S.W.3d at 536 (quoting *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994)). Simply put, Appellant failed to establish the second prong of our two-step analysis. Accordingly, we overrule Appellant's issue.

### CONCLUSION

The judgment of the trial court is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

4

1896579

Edrick Dunn #1896579
Eastham Unit
Estes Prison RD #1
Lovelady, Tx 75851

LEGAL

Clerk, Abel Acosta
Att: - Hon. Lisa McMinn
State Prosecuting Attorney
PO Box 13308
Austin, Tx 78711

