Billy Charles **RUSHING**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. B14–90–00935–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 11, 1991.
Discretionary Review Refused
Oct. 2, 1991.

Kenneth E. Goode, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Appellant was found guilty of murder by a jury. After considering his plea of true to the enhancement paragraph of the indictment, the jury assessed punishment at sixty years in prison and a $10,000.00 fine. He now brings three points of error, alleging: (1) the evidence was insufficient to corroborate the testimony of his accomplice, Billy Joe Gibbs; (2) the trial court erred in overruling appellant's objection to the State's argument at the punishment phase of trial that appellant had used drugs shortly before the time of the murder, and that the jury could consider that in assessing punishment; and (3) the trial court erred in admitting evidence of the victim's statement that "friends of mine did it." We affirm.

On the evening of September 30, 1988, appellant and his friend Billy Joe Gibbs went in search of illicit methamphetamine. They contacted Donald Lee Webb, who sold them one gram for $100.00. Gibbs and appellant injected themselves with the substance. When appellant and Gibbs felt no effect from the drug, they went in search

of Webb. The pair eventually found the dealer. He provided an additional gram of the drug, which they proceeded to inject into themselves at Gibbs's apartment. Webb, Gibbs and appellant then got into Rushing's automobile and went looking for change in a suburban neighborhood near Houston, supposedly in order to pay Webb for the additional gram of methamphetamine.

A violent argument erupted between appellant and Webb over payment. Testimony at trial was that appellant struck the victim, they exchanged blows and appellant stopped the automobile and struck Webb repeatedly. From his position in the back seat Gibbs could not see that Rushing was stabbing Webb with a knife and Gibbs's hand was cut when he attempted to stop the altercation. Testimony was conflicting as to whether Webb was thrown from appellant's auto or fled. The scene was witnessed from behind by the occupant of another automobile, who testified that Webb was hurled forcefully from the auto.

Witnesses testified that the victim stumbled to a nearby house where he identified himself and repeated that his "friends" had committed the crime. Webb was taken by ambulance to a hospital where he died. Appellant and Gibbs fled to Gibbs's apartment, collected Gibbs's family and continued their flight to appellant's residence. There Gibbs witnessed appellant cleaning his hands and the knife. Mrs. Gibbs dressed her husband's wound and heard appellant's confession to the stabbing. Appellant left the Houston area a few days later to seek refuge with his family in Carthage. When Gibbs learned of Webb's death, he contacted police and reported the incident.

■ The statute governing admissibility of testimony by an accomplice witness requires that:

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the crime.

TEX.CODE CRIM.PROC.ANN. art. 38.14 (Vernon 1981). An accomplice witness is someone who assists the accused before or during the commission of an offense. *Crank v. State*, 761 S.W.2d 328, 349 (Tex.Crim.App. 1988), *cert. denied,* —— U.S. ——, 110 S.Ct. 209, 107 L.Ed.2d 162 (1989); *Garza Garza v. State*, 788 S.W.2d 651, 656 (Tex.App.—Corpus Christi 1990, no pet.). In order to be considered an accomplice, there must be some evidence of an *affirmative act* by the witness committed to assist in commission of the offense before that witness may be considered an accomplice. *Kunkle v. State*, 771 S.W.2d 435, 441 (Tex.Crim.App. 1986), *reh'g denied,* 492 U.S. 925, 109 S.Ct. 3259, 106 L.Ed.2d 604 (1989) (emphasis added). One is not an accomplice witness who cannot be prosecuted for the offense with which the accused is charged. *Crank*, 761 S.W.2d at 349. Even though a witness may be an *accessory* to a crime he is not necessarily a party and therefore not subject to prosecution as a party to the offense charged against the principal. *Id.*

■ In his first point of error, appellant contends that Gibbs was an accomplice to the murder of Webb. Appellant argues that Gibbs's uncorroborated trial testimony was thus inadmissible, with the result that insufficient evidence exists to link appellant affirmatively to the offense. Appellant did not object to admission of Gibbs's testimony at trial on the grounds that Gibbs was an accomplice. Appellant seeks to support his theory that Gibbs was an accomplice by reciting portions of the record that he argues tend to connect Gibbs to the murder. The testimony appellant relies on places Gibbs at the crime scene and tends to link him to the offense of possession and use of a controlled substance. Gibbs's flight from the crime scene and failure to report the murder immediately made him subject to prosecution as an accessory pursuant to TEX.PENAL CODE ANN. § 38.05 (Vernon 1974). The record, however, includes no evidence that actually links Gibbs to the murder, but instead tends to prove that he attempted to intercede and prevent harm to the victim.

Because there was no evidence that Gibbs committed an affirmative act to assist appellant in the stabbing, the State was unable to prosecute him as a party to that offense. The statement by Webb, suffering from his mortal injuries and shock, that his "friends" had cut him was not sufficient to support prosecution of Gibbs as a party to murder. The simple facts that Gibbs was present at the crime scene, failed to disclose the commission of the offense and was in complicity with the accused in commission of a collateral offense do not make Gibbs an accomplice witness in the murder prosecution of appellant. *Creel v. State,* 754 S.W.2d 205, 213 (Tex. Crim.App.1988). If the witness cannot be prosecuted for the offense with which the accused is charged, then the witness is not an accomplice witness as a matter of law. *Kunkle,* 771 S.W.2d 435, 439 (and cases cited therein). Gibbs was not an accomplice witness and his testimony was therefore not subject to the corroboration requirement of article 38.14. Appellant's first point of error is overruled.

■ In his second point of error, appellant argues that during the punishment phase of trial the State's mention of his drug use immediately prior to the commission of the charged offense amounted to an invitation for the jury to consider an extraneous offense in assessment of punishment. During the punishment phase of trial appellant's counsel stated to the jury:

> [A]ll of the evidence shows that Mr. Rushing and Mr. Gibbs were under the influence of narcotics at the time, twenty or thirty minutes prior to this fatal stabbing that they had both taken methamphetamine, and, in fact, they had taken some before that, which Mr. Gibbs claimed was no good. Whether that is true or not, we don't know, but at any rate it is obvious that both of them were under the influence of narcotics when this happened.

Following that admission the State made the following remarks, which appellant contends were objectionable:

> PROSECUTOR: And we know that on this particular date, September 30th, 1988, this man used drugs.
> DEFENSE: Your Honor, I'm going to object to her asking them to consider extraneous offenses.
> THE COURT: That will be overruled as long as the attorney stays within the record on what you heard during the trial, you may argue it. You may proceed.
> PROSECUTOR: He used speed.
> DEFENSE: Can I have a continuing objection to this?
> THE COURT: You may.
> PROSECUTOR: He used speed. He shot speed up in his arm, and then he took the man who sold him drugs to a dark street and he killed him. Just like that. He took a knife, and he began to stab him, just like that, again and again and again, using a knife.

We note that the prosecutor cautiously followed the trial court's admonition to stay within the record during this argument. Appellant urges that, by these remarks, the State requested that the jury consider an extraneous offense in their assessment of punishment. The prosecutor did not expressly or by implication ask the jury to assess additional punishment for the appellant's admitted use of drugs just before committing the offense. The prosecutor simply repeated the specific facts and circumstances surrounding the commission of the charged offense.

■ An accused should not be assessed punishment for collateral crimes or for general criminal behavior. The focus of the defendant's trial must remain on the charged offense. *Klueppel v. State,* 505 S.W.2d 572, 574 (Tex.Crim.App.1974). However, the facts and circumstances surrounding the commission of an offense are admissible on the question of guilt and may be considered in determination of punishment, even if those surrounding circumstances include commission of another offense. *Id.*

■ Under the doctrine of "res gestae" the State is allowed sufficient latitude to

elicit relevant testimony of the facts and circumstances surrounding the charged offense. The State may then ask the jury to consider how those facts and circumstances serve as aggravating or mitigating factors in determining the severity of the punishment to be assessed for the charged offense. *Lomas v. State*, 707 S.W.2d 566, 568–69 (Tex.Crim.App.1986). The limitation to be placed on such argument is that the State must take care to avoid encouraging the jury to include in their assessment additional punishment for a collateral offense. *Id.*

The Texas Court of Criminal Appeals has recognized the delicate balance between a defendant's right to be punished only for the offense for which he has been convicted and society's interest in punishment that is tailored to a complete and full understanding of the defendant's culpable mental state regarding commission of that offense. *Lomas* at 569. The standard established by that court is that a prosecutor must go "beyond the bound[s] of asking the jury to consider the circumstances surrounding the [charged] offense in fixing punishment" to cause prejudicial error. *Id.*, citing *Klueppel*, 505 S.W.2d at 574. In so arguing, error will result if a prosecutor asks specifically that the jury assess punishment for additional crimes. *Brown v. State*, 530 S.W.2d 118, 120 (Tex.Crim.App. 1975).

In a situation where facts and circumstances surrounding a charged offense include evidence of collateral offenses, the State must not point out the existence of those collateral offenses and thereby request additional punishment for those offenses. Such argument exceeds the limitation set by the court of criminal appeals, and may result in punishment for which the defendant is not on trial. *Lomas*, 707 S.W.2d at 569. The State is limited under those circumstances to showing that the collateral offense in some fashion "enhances the gravity of the charged offense and, in fact, is inexorably connected with the charged offense." *Id.*

In limiting the State to arguing only the facts already before the jury and admitted by the defense, the trial court in this case achieved precisely the result contemplated by the court of criminal appeals. We hold that such narrowly limited argument was appropriate in showing that the collateral offense of illegal drug use was inexorably connected to the charged offense and that the jury was fairly apprised to consider that aggravating circumstance in their determination of the severity of punishment. Appellant's second point of error is overruled.

■ In his final point of error appellant contends that the trial court erred in admitting into evidence the testimony of a witness who heard the victim's utterance that "some friends of mine did it." The statement was repeated within the context of the victim's description of events made immediately after the stabbing and shortly before his death. This statement falls within the hearsay exception for dying declarations, Tex.R.Crim.Evid. 804(b)(2), as well as the exception for excited utterances, Tex.R.Crim.Evid. 803(2).

It is a well recognized exception to the general prohibition against hearsay evidence that statements made while in the grip of violent emotion, excitement or pain, and which relate to the exciting event are admissible under the rationale that the capacity for reflection necessary to the fabrication of falsehood is lost. *King v. State*, 631 S.W.2d 486, 491 (Tex.Crim.App.1982), *cert. denied*, 489 U.S. 1093, 109 S.Ct. 1563, 103 L.Ed.2d 930 (1989). Such "spontaneous exclamations" comprise an integral part of the entire transaction and are admissible if the exclamations were made by one whose deliberative faculties were suspended by the stress of excitement produced by the startling event, *Id.* at 492; or, if the remarks were not made under the impetus of reflection. *Martinez v. State*, 533 S.W.2d 20, 23 (Tex.Crim.App.1976). The determination of this condition is an independent conclusion to be determined by the trial court in its discretion, and that determination rests upon the facts and circumstances of each individual case. *Id.* As we detect no abuse of discretion by the trial

court, appellant's final point of error is overruled.

The judgment of the trial court is affirmed.