Opinion issued April 5, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00515-CR

———————————

alex morris, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 174th District Court

Harris County, Texas



Trial Court Case No. 1010110

 



 

MEMORANDUM OPINION

          A
jury convicted Alex Morris of murder and sentenced him to thirty-five years’
imprisonment.[1]
Morris appeals on the ground that the trial court erred in its refusal to
submit an accomplice-witness jury instruction, either as a matter of law or as
a matter of fact. We affirm.

Background

          The
State charged Morris with murder, and Morris pled not guilty. At trial,
witnesses testified about an altercation between Morris’s cousin, Johnson, and
another man, Burnett. As a result of that altercation, Morris, Johnson, and a
third companion, “Brandon,” went to Burnett’s dorm room to confront him.
Burnett and his roommate initially did not answer the door, but Burnett, his
roommate, and a group of others at the dorm then caught up with Morris,
Johnson, and Brandon in a parking lot outside of the dorm. Among the people in
the group that went to the parking lot was Ashley Sloan. During the confrontation
in the parking lot, someone in Morris’s group discharged a gun in the direction
of the group in which Burnett was standing. One of the bullets struck Sloan in
the head, causing her death. 

Several witnesses identified Morris
as the shooter. One of these witnesses was Morris’s cousin, Johnson. While
other witnesses testified that they actually saw Morris shoot the gun,[2] Johnson testified only that
he heard shots and turned to see Morris with a gun, his arm raised.[3] Johnson was never charged
with any crime, but he received immunity for his testimony. Morris requested
that the trial court instruct the jury that Johnson was an accomplice-witness
as a matter of law or, alternatively, to decide whether Johnson was an
accomplice-witness as a matter of fact. The trial court refused the
instruction.

The jury convicted Morris of murder
and sentenced him to thirty-five years’ confinement. Morris filed this appeal,
challenging the trial court’s ruling on his request for an accomplice-witness
instruction in two issues.

Standard of Review

          If the evidence at trial raises a
question of fact as to whether a witness is an accomplice, the trial court must
instruct the jury to decide whether the witness is an accomplice; if the
evidence conclusively establishes that a witness is an accomplice, the trial
court must instruct the jury that the witness is an accomplice as a matter of
law. Druery v. State, 225 S.W.3d 491, 498–99 (Tex. Crim. App.
2007). We review a trial court’s determination of whether the evidence supports
either accomplice-witness instruction under an abuse of discretion standard. Paredes v. State, 129 S.W.3d 530, 536 (Tex. Crim. App.
2004).

Accomplice-Witness Instruction

          Under
article 38.14 of the Code of Criminal Procedure, a criminal conviction may not
be based on the testimony of an
accomplice-witness unless the testimony is “corroborated by other evidence
tending to connect the defendant with the offense committed.” Tex. Crim. Pro. art.
38.14 (West 2011). A witness is an accomplice-witness
only if he participates in the crime with the defendant, taking “an affirmative
act . . . to assist in the commission of the [crime]” before, during, or after
the commission of the crime, with the required culpable mental state for the
crime. Druery,
225 S.W.3d at 498–99; see also Paredes, 129 S.W.3d at 536. Mere presence at the scene
of the crime does not render a witness an accomplice. Druery, 225 S.W.3d at 498; Cocke v. State, 201 S.W.3d 744, 748 (Tex. Crim. App. 2006). Neither is a
witness an accomplice-witness merely because he knew of the crime and failed to
disclose it or even concealed it. Druery, 225 S.W.3d at 498.


          The fact that Johnson was not charged
with a crime does not establish that he was not an accomplice, and the fact
that Johnson received immunity for his testimony does not establish that he was
an accomplice. See Cocke, 201 S.W.3d at 748 (“whether the
alleged accomplice-witness is actually charged or prosecuted for his
participation is irrelevant”); Moulton v.
State, 508 S.W.2d 833, 836 (Tex. Crim. App. 1974) (rejecting argument that
immunity from State made witness an accomplice-witness as a matter of law). Morris
asserts that Johnson was an accomplice to the crime because he: (1) “brought an
armed companion” with him to confront Burnett after their altercation, (2) “pointed
out [Burnett] immediately before the perpetrator fired shots,” (3) “fled with the
perpetrator,” and (4) “made a false report to the police.” 

With respect to his first contention, Morris does not
identify any evidence that Johnson knew that Morris (or anyone) had a gun
before the shots were fired. The only evidence Morris cites regarding the gun
before the shooting is the testimony of Burnett’s roommate, Kimbrough.
Kimbrough testified that, leading up to the confrontation in the parking lot,
someone knocked on the door of the dorm room he shared with Burnett. He looked
through the peephole in the door and saw Johnson, Morris, and Brandon. He
testified that Morris was standing behind Johnson and that Morris had a gun
“discreetly” tucked into his waistband. Kimbrough’s testimony does not
establish that Morris’s gun was within Johnson’s sight, and Johnson expressly
testified that he did not know that Morris had a gun before the shooting.[4]


With respect to Morris’s second contention—that Johnson
pointed out Burnett immediately before Morris began shooting—Morris does not
provide a citation to the record to support this contention. Elsewhere in his
appellant’s brief, Morris asserts, “Johnson pointed at [Burnett,]” citing to
testimony in the record from Burnett. In the cited testimony, Burnett referred
to someone by Johnson’s first name, stating that the person pointed at him,
then took out a gun and began shooting. Taken in the context of Burnett’s
testimony as a whole, however, it is clear that Burnett is referencing Morris, who
Burnett repeatedly identified as the person with a gun who did the shooting, rather
than Johnson.[5] 

Morris’s contentions that Johnson “fled with the perpetrator”
and  “made a false report to the police”
are also unpersuasive. Johnson testified at trial that he ran away after
hearing the gun shots and that Morris and “Brandon” caught up to him at the
corner of Wentworth and Tierwester, where they
stopped and conversed briefly about what had happened. They then ran together
to a friend’s house. 

Johnson also testified that when he reported the shooting to
campus police the next morning, he did not identify Morris as the shooter. He
testified that he did not identify Morris to the police until the following
Monday, when they came to his apartment to ask him more questions. 

Even if this evidence demonstrates that Johnson fled the
crime scene with Morris and failed to disclose everything he knew to the police
when he filed his initial police report, it is not evidence that Johnson took
an affirmative act to assist Morris in the murder. See Rushing v. State, 813 S.W.2d 646, 648–49 (Tex. App.—Houston
[14th Dist.] 1991, pet. ref’d) (holding that witness who was at scene of crime
and fled crime with perpetrator was not accomplice-witness because “there was
no evidence that [he] committed an affirmative act to assist appellant in the
stabbing”). Flight from a crime scene and failure to report a crime after the
fact may subject a witness to prosecution as an accessory to a crime but does
not, alone, subject the witness to prosecution for murder. See id. (“[The witness’s] flight from the crime scene and failure
to report the murder immediately made him subject to prosecution as an
accessory pursuant to [section 38.05 of the Penal Code]. The record, however,
includes no evidence that actually links [the witness] to the murder, but
instead tends to prove that he attempted to intercede and prevent harm to the
victim.”) (citing Tex.
Penal Code Ann. § 38.05 (Vernon 1974)); see also McCallum v. State, 311 S.W.3d 9, 13 (Tex. App.—San
Antonio 2010, no pet.) (“Simply having knowledge of the offense and not
disclosing that information, or even trying to conceal the information, does
not render a witness an accomplice.”) (citing Cocke, 201 S.W.3d
at 748). “If the witness cannot be prosecuted for the offense with which the
accused is charged, then the witness is not an accomplice witness as a matter
of law.” Rushing, 813 S.W.2d at 649. 

Moreover, even if Johnson saw Morris’s gun, it is not
evidence that Johnson took an affirmative act to assist Morris in the murder. See Delacerda v. State, No. 01-09-00972-CR,
2011 WL 2931189, at *2–3 (Tex. App.—Houston [1st Dist.] July 21, 2011, no pet.).
In Delacerda,
Rogelio Delacerda was convicted of murder in a
drive-by shooting that occurred after another passenger in the vehicle, David, had
been “jumped” at school by members of a gang. Id. at *2. On the day of the
shooting, Delacerda, along with David’s cousin and
the cousin’s girlfriend, picked up David and his friends Carlos and Tommy after
school in the girlfriend’s truck. Id. David,
Carlos, and Tommy jumped into the bed of the truck, where
they laid down to avoid being seen. Id. Delacerda, David’s cousin, and his girlfriend were in the
front of the truck. Carlos testified that David said to him, “you’re going to
find out about a drive-by.” Id. at *23.
Carlos also testified that David had showed him a gun earlier in the day, and
that he handed the gun to Delacerda while they were in
the truck. Id. at
*2. He testified that, when they drove by a group of students walking
down the road, someone in the front of the truck asked David, “Is that them?” Id. David responded, “I think so.” Id. Delacerda
then asked David if David wanted him to shoot them. Id. David responded, “I don’t know.” Id. Delacerda then discharged the gun
five to six times in the direction of the group, fatally wounding the complainant.
Id. at *1.

Delacerda argued that the evidence raised a fact
issue as to whether Carlos was an accomplice-witness because he saw David with
the gun, knew that David had been having difficulties with classmates, heard
David say “you’re going to find out about a drive-by,” was hiding in the back
of the truck, did not go to the police and tell them what happened, and
initially identified David as the shooter rather than Delacerda.
Id. at *22–23. The Court rejected
this argument because the evidence did not indicate that Carlos “‘performed any
affirmative act to assist in the commission of [the murder] or a
lesser-included offense,’ or that any of [his] actions were made with the
required culpable mental state.” Id.
at *23. 

The same is true here. Morris identifies no evidence that
Johnson took an affirmative act to assist in the murder or a lesser-included
offense. With respect to Johnson’s state of mind, Morris points out that
Johnson expected to engage in a physical altercation with Burnett when he,
Morris, and “Brandon” went to Burnett’s dorm room. But this is not the state of
mind necessary for murder, and Burnett does not argue that Johnson could have
been convicted of any particular lesser-included offense. See Tex. Penal Code Ann.
§ 19.02(b)(1) (requiring that person “intentionally or knowingly cause[d] the
death of an individual”). Johnson’s testimony that he expected only a “regular
fight” was uncontroverted. Absent evidence of an affirmative act and the
necessary mental state, Morris cannot meet his burden of demonstrating that the
trial court abused its discretion in determining not to submit an
accomplice-witness instruction to the jury, either as a matter of law or as a
matter of fact. See Druery,
225 S.W.3d at 498, 499; see also Paredes, 129 S.W.3d at 536. We therefore overrule
Morris’s first and second issues.




 

Conclusion

We affirm the trial court’s judgment.

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
See Tex.
Penal Code Ann. § 19.02(b) (West 2011).





[2]
          Both Burnett and Burnett’s
roommate, Kimbrough, testified to witnessing Morris shoot Sloan.





[3]
          Johnson gave conflicting
testimony as to whether he saw the gun in Morris’s hand at this point.





[4]
          Johnson did testify that he had
seen Morris with a gun on one prior occasion. 





[5]
          Immediately after Burnett’s
statement referencing “that [Johnson] dude,” counsel for the State clarified
with Burnett that the person he was talking about was “the person [he saw] in
the courtroom.” In the testimony that followed, Burnett clearly identified
Morris as the person he saw draw a gun and begin firing. Burnett revisited
these events later in his testimony, again clearly identifying Morris as the
person who pointed at him and fired his gun.